STATE OF NORTH CAROLINA v. LINDA SUTTON WILLIAMS

No. 784SC357

(Filed 3 October 1978)

1. **Criminal Law § 66.9— photographic identification—unnecessary suggestiveness —substantial likelihood of misidentification**

    The existence of unnecessary suggestiveness in a photographic identification procedure does not alone require exclusion of evidence of the identification where the court determines from the totality of the circumstances that the procedure was not so impermissibly suggestive as to give rise to a very substantial likelihood of misidentification.

2. **Criminal Law § 66.9— suggestive photographic procedure—no substantial likelihood of misidentification**

    Although a photographic identification procedure was suggestive since the trial court found that a robbery victim knew that the person who had been arrested for the robbery would appear in the photographic lineup, that defendant's picture was in the center of the seven picture lineup, and that the photographs showed defendant to be the shortest person in the lineup, the trial court did not err in its determination that the photographic identification procedure was not so impermissibly suggestive as to give rise to a very substantial likelihood of misidentification where the court also found that the victim saw defendant in the store where the robbery occurred for two or three minutes approximately an hour before the robbery; the victim observed defendant for some five minutes during the robbery; defendant was within a few feet of the victim during the robbery and was at one time beside her behind the counter; immediately after the robbery the victim described defendant and her clothing clearly to the police; the victim similarly described defendant again before the photographic identification; the victim stated she could iden-

tify the robber even if she was wearing different clothes; and the witness identified the picture of defendant because of her slender face and bulging eyes. Therefore, evidence of the photographic identification and the victim's in-court identification of defendant were properly admitted in defendant's robbery trial.

**3. Criminal Law § 29.1— motion for continuance—psychiatric examination— capacity to stand trial—sufficiency of hearing**

    The trial court did not err in the denial of defendant's motion for a continuance to allow for a pretrial psychiatric examination to determine her fitness to stand trial where defendant produced no evidence in support of her motion other than counsel's statements that defendant had indicated to him that she was not able to assist in the defense of her case. Furthermore, the hearing on the motion for continuance satisfied the requirements of G.S. 15A-1002(b)(3) for a hearing on defendant's capacity to stand trial.

APPEAL from *Browning, Judge.* Judgment entered 1 December 1977 in the Superior Court, DUPLIN County. Heard in the Court of Appeals 24 August 1978.

The defendant was tried on an indictment for armed robbery, convicted by a jury, and judgment was entered on the verdict sentencing defendant to a term of 40 years in prison. The judgment recommended that defendant be given psychiatric evaluation and treatment.

The evidence presented by the State tended to show that Cynthia Boykin was employed at the Scotchman Store on South Pine Street in Warsaw on the evening of 29 August 1977. Cynthia Boykin saw the defendant twice in the store that evening. The first time the defendant came into the store she bought some potato chips. Cynthia Boykin saw her on that occasion for two or three minutes. The next time the defendant entered the store was about ten minutes before eleven, about an hour later than the first visit. The defendant, Linda Sutton Williams, was described as about five feet tall, 100 pounds in weight, brown complexion, and wearing tinted glasses. She had a large Band-Aid on the right side of her neck near the back of her head. She was wearing a green dress, a flowered scarf, earrings, and a pair of "flip-flops", and was carrying a shotgun. She was wearing the same clothes she wore the first time she was in the store about an hour earlier.

The defendant was in the presence of Cynthia Boykin for approximately five minutes the second time she entered the store.

The defendant pointed a shotgun at Miss Boykin and told her she wanted the money out of the cash register. Defendant went behind the counter to get to the cash register. The defendant stood directly beside Miss Boykin while behind the counter.

The police arrived at the scene at eleven o'clock and were given the above description of the defendant. The following day Miss Boykin went to the Police Department to view a photographic lineup. Prior to looking at the photographs, Miss Boykin was asked to describe the defendant again. Defendant's face was described as "kind of slender, and her eyes were kind of popped". Miss Boykin was shown a lineup of seven photographs. She identified State's Exhibit No. 4 as a photograph of the person who robbed the store. The photograph was one of the defendant without the wig and glasses she wore the night of the robbery.

Miss Boykin apparently knew that the arrested suspect's photograph would be in the lineup. Before she was shown the pictures, the officers had also shown her the shotgun found with the suspect. Also, the officers asked Miss Boykin if she could identify the defendant if she were wearing different clothes. There were seven photographs exhibited to Miss Boykin. The defendant's picture was in the center of the lineup. The defendant was the only person pictured with bulging eyes and the shortest of those pictured in the lineup. All of the other persons pictured in the lineup were considerably over five feet tall.

The witness, Cynthia Boykin, testified that her in-court identification of the defendant was based upon her observation of the defendant on the night of the robbery and not on the pretrial identification procedure.

The trial court concluded that the pretrial photographic lineup was not impermissibly suggestive and that the in-court identification of the defendant was based on an independent observation of the defendant at the time of the robbery. Defendant's motion to suppress the identification evidence was denied.

Defendant's motion for a continuance and a psychiatric examination prior to trial was denied.

On appeal defendant assigns as reversible error the court's refusal to suppress the identification evidence and the denial of the motion for a pretrial psychiatric examination.

*Attorney General Edmisten, by Associate Attorney T. Michael Todd, for the State.*

*Russell J. Lanier, Jr., for defendant appellant.*

MORRIS, Judge.

The defendant's first assignment of error asserts that the trial court erred in failing to suppress evidence relating to the pretrial identification of the defendant. The defendant contends that the pretrial identification procedure was so impermissively suggestive as to deny her due process. Furthermore, the defendant asserts that any in-court identification by the witness Boykin was tainted by improper pretrial procedures and should have been excluded.

The trial court reached the following conclusions after conducting a voir dire examination on defendant's motion to suppress the identification of the defendant:

"1. That the identification of the defendant Linda Sutton Williams by the witness Cynthia Boykin was based on the observation of the defendant in the store premises on the night in question, the witness having sufficient opportunity and time to view the defendant.

2. That the photographic lineup was not so impermissibly suggestive as to suggest to the witness Boykin that she should identify one picture; that is to say, the picture of the defendant to the exclusion of the other pictures;

3. That the procedure used in this case does not violate the Rights of the defendant, Linda Sutton Williams, under the Constitution of the United States or the Constitution of the State of North Carolina."

The problem of possible misidentification of defendants resulting from improper photographic identification procedures has concerned the courts. The concern is that, regardless of how the initial misidentification comes about, the witness is thereafter apt to retain in his memory the image of the photograph rather than that of the person actually seen, reducing the value of any subsequent lineup or in-court identification. *Simmons v. United States*, 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed. 2d 1247 (1968).

State v. Williams

[1] The admissibility of testimony concerning pretrial identifications is governed by the due process requirement that, based on the totality of the circumstances, the pretrial procedure must not be so unnecessarily suggestive and conducive to mistaken identification as to offend fundamental standards of decency, fairness and justice. *Foster v. California,* 394 U.S. 440, 89 S.Ct. 1127, 22 L.Ed. 2d 402 (1969); *Simmons v. United States, supra; State v. Henderson,* 285 N.C. 1, 203 S.E. 2d 10 (1974). The test for evaluating the likelihood of misidentification takes into account the following factors:

> "(1) the opportunity of the witness to view the criminal at the time of the crime, (2) the witness' degree of attention, (3) the accuracy of the witness' prior description of the criminal, (4) the level of certainty demonstrated by the witness at the confrontation, and (5) the length of time between the crime and the confrontation." *State v. Henderson,* 285 N.C. at 12 and 13, 203 S.E. 2d at 18 and 19; *see Neil v. Biggers,* 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed. 2d 401 (1972).

The existence of unnecessary suggestiveness alone does not require exclusion of the evidence. *Neil v. Biggers, supra.* The court must determine from the totality of the circumstances whether the suggestiveness might give rise to very substantial likelihood of misidentification. *State v. Knight,* 282 N.C. 220, 192 S.E. 2d 283 (1972).

[2] The trial court made findings of fact which indicated the suggestiveness of the identification. The trial court found that the witness knew that the person who had been arrested would appear in the photographic lineup; that the picture of the defendant was in the center of the seven picture lineup; and that the photographs showed the defendant was the shortest person in the lineup.

The five factors pointed out in *State v. Henderson, supra,* allow for a finding that the identification procedure, even if suggestive, may be allowed into evidence because of the strength and reliability of the identification. The evidence bearing on these factors is thus balanced against the suggestiveness of the lineup to determine whether there is a very strong likelihood of misidentification. If not, then reversal is not required regardless of the suggestiveness. *State v. Knight, supra.* It should be noted that

"[t]he purpose of a strict rule barring evidence of unnecessarily suggestive confrontations would be to deter the police from using a less reliable procedure where a more reliable one may be available, not because in every instance the admission of evidence of such a confrontation offends due process." *Neil v. Biggers*, 409 U.S. 188, 199, 93 S.Ct. 375, 382, 34 L.Ed. 2d 401, 411 (1972).

The evidence pointing toward reliability and counterbalancing the suggestiveness of the identification found by the trial court was as follows: that the witness observed the defendant at about ten o'clock when she purchased potato chips at the store; that she noticed a Band-Aid on the back of defendant's neck; that defendant was in the store two or three minutes; that defendant returned to the store and on this occasion was observed for five minutes; that defendant was within a few feet of the witness and at one time beside her behind the counter; that the witness immediately after the robbery described the defendant and her clothing clearly to the police; that the witness similarly described the defendant again before identifying the picture; that the witness stated she could identify the person who committed the robbery even if she was wearing different clothes; and that the witness identified the picture of the defendant because of her slender face and "popped" eyes.

Based on the foregoing factual findings which are supported by the evidence, we cannot say that the trial court erred in finding that the photographic identification was not so impermissibly suggestive so as to give rise to a very substantial likelihood of misidentification. Therefore, we hold that the testimony concerning the photographic identification was properly admitted.

From our finding that the pretrial photographic identification did not give rise to a very substantial likelihood of misidentification, it follows that any subsequent in-court identification was properly admitted. *See Neil v. Biggers*, supra; *Simmons v. United States*, 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed. 2d 1247 (1968); *State v. Montgomery*, 291 N.C. 91, 229 S.E. 2d 572 (1976).

[3] The defendant's second assignment of error is based on the court's denial of the defendant's motion for a continuance to allow for a pretrial psychiatric examination to determine her fitness to stand trial.

The established rule in North Carolina, unchanged by recent statutory enactments, is that the decision whether to grant a motion for commitment for psychiatric examination to determine competency to stand trial lies within the sound discretion of the trial judge. *State v. Woods*, 293 N.C. 58, 235 S.E. 2d 47 (1977). The defendant produced no evidence in support of her motion other than counsel's statements that the defendant had indicated to him that she was not able to assist in the defense of her case. It is apparent from the colloquy between defense counsel and the court that defendant had previously been examined by a medical doctor, not a psychiatrist, and found to be fit to stand trial.

It should be noted, however, that effective 1 July 1975, G.S. 15A-1002(b)(3) provides as follows for a hearing on the question of the defendant's capacity to stand trial:

"(b) When the capacity of the defendant to proceed is questioned, the court:

.   .   .

(3) Must hold a hearing to determine the defendant's capacity to proceed . . . Reasonable notice must be given to the defendant and to the prosecutor and the State and the defendant may introduce evidence."

The "hearing" in this case was in the context of a motion for a continuance to allow for a psychiatric examination prior to trial. Defense counsel did not request a full hearing on the matter nor did he tender evidence to support his motion. A similar situation was before the Supreme Court in *State v. Woods, supra*. That Court's discussion is instructive:

"Clearly, the trial court considered all information relative to defendant's capacity which was presented to it and found, implicitly at least, that defendant was competent to proceed to trial." *State v. Woods*, 293 N.C. at 64, 235 S.E. 2d at 50.

Similarly, in this case it appears that the defendant presented all the evidence she was prepared to present. It should be noted that she did not request to be heard further on the matter. Under these circumstances we hold that the defendant's hearing satisfied the requirements of G.S. 15A-1002(b)(3).

No error.

Judges HEDRICK and WEBB concur.