STATE OF NORTH CAROLINA v. THOMAS FRANKLIN POTTS

No. 7926SC11

(Filed 17 July 1979)

1. **Criminal Law § 29.1— hearing on mental capacity to stand trial**

    The trial judge sufficiently complied with the requirement of G.S. 15A-1002 for a hearing on defendant's capacity to proceed where the jury was being selected when the motion was made to have defendant declared incompetent; defendant's attorney stated he did not have any medical testimony; defendant's attorney stated that defendant had cooperated with him and in his opinion defendant understood the nature of the circumstances surrounding the charge against him; and the court, on the basis of these statements, denied the motion. Furthermore, any error was cured when the court later in the trial allowed defendant to put on evidence in support of the motion.

2. **Constitutional Law § 66— absence from portion of trial—waiver of right to be present**

    Defendant waived his right to be present at his trial for uttering a forged check when he failed to appear after an evening recess, and the court properly ordered that the trial continue in his absence.

3. **Constitutional Law § 46— refusal to permit appointed counsel to withdraw**

    The trial court did not err in refusing to permit defendant's court-appointed counsel to withdraw during the course of the trial where there was no showing that other counsel could have represented defendant at the time his attorney requested that he be allowed to withdraw.

4. **Criminal Law § 5— opinion as to defendant's knowledge of difference between right and wrong generally—exclusion**

    The trial court did not err in refusing to permit defendant's mother to state her opinion as to whether her son "knows the difference between right and wrong" since the matter under inquiry was defendant's capacity to distinguish between right and wrong at the time and in respect to the matter under investigation, not whether defendant knew right from wrong generally.

5. **Criminal Law § 126.1— manner of polling jury**

    The record shows that each juror assented to the verdict during the jury poll where the jury was polled by asking the foreman if the verdict of guilty as charged was his verdict and by asking the other jurors, "Your foreman has reported your verdict is guilty as charged. Is this your verdict?" and the foreman and each juror answered in the affirmative.

APPEAL by defendant from *Hasty, Judge.* Judgment entered 11 August 1978 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 30 March 1979.

The defendant was indicted for uttering a forged check. When the case was called for trial and after jury selection had begun, the defendant made a motion that he be declared not mentally competent to stand trial. His counsel made the following statement in support of the motion:

"He has indicated to me that during the jury selection that he could not concentrate and hear what they had to say; number two, he has indicated to me that he is hearing voices; number three, he has indicated to me that he is suffering from paranoia. He has indicated to me that he is suffering from schizophrenia. And he has indicated to me that the stress of the trial has put him in a very emotional state and he cannot proceed. And in addition, he has informed me that he [is] receiving disability, mental disability Social Security. I ask- the Court to inquire into the basis of this motion."

Defense counsel further stated that he had not had time to obtain medical testimony; that prior to the trial the defendant had directed him not to prepare a motion to have the defendant committed for evaluation; that the defendant had cooperated with his attorney, and in the attorney's opinion understood the nature of the circumstances surrounding the charge. The court denied the defendant's motion to declare him incompetent to stand trial.

After the State had rested, the court allowed the defendant to put on evidence out of the jury's presence in regard to his motion that he be declared incompetent to stand trial. His mother testified as to her son's mental condition. She testified that he is mentally sick and has been in mental institutions several times. Willie Bryant, an instructor at Central Piedmont Community College, testified that he taught the defendant a course in internal combustion engines and the defendant has passed all tests given in the course. At the conclusion of the *voir dire* hearing, the court concluded based on proper findings of fact that the defendant was competent to stand trial.

The defendant was convicted and sentenced to prison.

*Attorney General Edmisten, by Assistant Attorney General Charles M. Hensey, for the State.*

*Laura A. Kratt, for defendant appellant.*

WEBB, Judge.

[1] The defendant's first assignment of error deals with what he contends is the court's failure to hold a hearing on his motion that he be held incompetent to stand trial. G.S. 15A-1002 provides:

> (a) The question of the capacity of the defendant to proceed may be raised at any time on motion by the prosecutor, the defendant, the defense counsel, or the court. The motion shall detail the specific conduct that leads the moving party to question the defendant's capacity to proceed.
>
> (b) When the capacity of the defendant to proceed is questioned, the court:

> \*    \*    \*

> (3) Must hold a hearing to determine the defendant's capacity to proceed.

There have been cases prior to the effective date of G.S. 15A-1002 which hold that it is in the discretion of the judge to determine whether the circumstances brought to his attention are sufficient to call for a formal inquiry to determine whether a defendant has sufficient mental capacity to plead to an indictment. *See State v. Propst*, 274 N.C. 62, 161 S.E. 2d 560 (1968) and *State v. Thompson*, 285 N.C. 181, 203 S.E. 2d 781, *cert. denied*, 419 U.S. 867 (1974). The adoption of this section makes such hearing mandatory. The question posed by this appeal is whether the action of Judge Hasty complies with the requirement that there be a hearing. We hold that it does so comply. At the time the motion was made to have the defendant declared incompetent, the jury was being selected. The defendant's attorney stated he did not have any medical testimony. The attorney stated the defendant had cooperated with him and in his opinion the defendant understood the "nature of the circumstances surrounding the charge." The court on the basis of these statements denied the motion. We hold that the hearing as held by Judge Hasty complied with G.S. 15A-1002(b)(3). Any error there may have been was cured when the court at a later time in the trial allowed the defendant to put on evidence in support of the motion and the State also put on evidence. The evidence at this hearing coupled with the earlier evidence heard by the court is sufficient evidence to support find-

ings of fact supporting a conclusion the defendant was competent to stand trial.

[2]   The defendant next contends that the court committed error by not declaring a mistrial during a portion of the trial when defendant was absent from the courtroom. On the morning of 9 August 1978 the defendant was not present when the trial resumed after the evening recess. The defendant appeared in the courtroom later in the day. The court found that the defendant by so absenting himself from the courtroom had waived his right to be present for the remainder of the trial and ordered that the trial continue. This ruling of Judge Hasty is in accord with *State v. Montgomery*, 33 N.C. App. 693, 236 S.E. 2d 390, *appeal dismissed*, 293 N.C. 256 (1977). This assignment of error is overruled.

[3]   The defendant next assigns as error the refusal of the court to let his attorney withdraw during the course of the trial. The defendant contends it was obvious he and his attorney could not communicate and he should not have been forced to continue the trial with an attorney in whom he had lost confidence. Defendant was an indigent represented by court-appointed counsel. There was no showing that other counsel could have represented defendant at the time the defendant's attorney requested he be allowed to withdraw. It would have been difficult for defendant to represent himself. The court did not abuse its discretion in denying the defendant's attorney's motion that he be allowed to withdraw.

[4]   During the trial the defendant's mother was asked the following question:

> "Q. Now, based upon that observation, do you have an opinion satisfactory to yourself as to whether or not your son knows the difference between right and wrong?        .
>
> MR. ROYSTER: OBJECTION.
>
> COURT: SUSTAINED."

The defendant contends it was error to sustain this objection. This objection was properly sustained. The matter under inquiry was the defendant's capacity to distinguish between right and wrong at the time and in respect of the matter under investigation. The question was not whether the defendant knew right

from wrong generally. *See State v. Benton*, 276 N.C. 641, 174 S.E. 2d 793 (1970).

[5] The defendant next assigns error in the polling of the jury. After the verdict was in the jury was polled by asking the foreman if the verdict of guilty as charged was his verdict and asking the other jurors the following question: "Your foreman has reported your verdict is guilty as charged. Is this your verdict?" The foreman and each juror answered in the affirmative. When requested in apt time a party is entitled to have a jury polled. When so polled the record must show that each juror assented to the verdict entered. *State v. Dow*, 246 N.C. 644, 99 S.E. 2d 860 (1957). We hold that the record in this case shows each juror assented to the verdict entered.

The defendant's last assignment of error is to the overruling of the defendant's motion for a new trial. The defendant contends he should have a new trial because the court erred in finding that defendant was able to conduct his defense in a rational manner and that he was able to cooperate with his counsel to the end that any available defense might have been interposed. For reasons stated earlier in this opinion, this assignment of error is over-ruled.

No error.

Judges MARTIN (Robert M.) and MITCHELL concur.