STATE OF NORTH CAROLINA v. VERNON WILLIAM WOMBLE

No. 7915SC657

(Filed 8 January 1980)

**1. Criminal Law § 29— mental capacity—failure to make findings—no error**

   Though it would have been the better practice for the trial court to make findings of fact with respect to defendant's mental capacity to proceed, such error was harmless inasmuch as the evidence would have compelled the trial court to find against defendant.

**2. Escape § 4— indictment—time of escape not essential element**

   The trial court did not err in denying defendant's motion to dismiss at the close of the State's evidence on the grounds the warrant did not set out the exact date and time of the alleged escape and further failed to state the period of time was in excess of the 24-hour time limitation found in G.S. 148-45(g)(2), since an exact time is not an essential element of the offense of escape as set out in G.S. 148-45(g)(1), and the 24-hour exception provided in G.S. 148-45(g)(2) is a defense which defendant in this case could have raised had the evidence warranted.

APPEAL by defendant from *McLelland, Judge.* Judgment entered 16 November 1978 in Superior Court, ALAMANCE County. Heard in the Court of Appeals 5 December 1979.

Defendant was indicted for felonious escape (first offense), convicted, and sentenced to six months of imprisonment to be served at the expiration of the sentence imposed on 16 December 1975 for larceny of an automobile, a felony.

At trial, State's evidence tended to show that defendant was an inmate at a unit of the Department of Correction in Graham. He was involved in work adjustment training at Vocational Trades of Alamance County. On 22 June 1978, defendant did not return to camp at his scheduled time around 4:00 p.m. He returned on 24 June 1978 between 8:30 a.m. and 9:00 a.m.

Two officers at the camp testified that they knew defendant was taking medication for seizures or blackouts during the six months he had been there. However, neither had seen defendant have a seizure or blackout. A cab driver testified that on 22 June 1978, he picked up defendant and a woman in Graham and transported them to the Bus Station in Chapel Hill. In the cab driver's opinion, defendant appeared to be normal.

Defendant testified that he was presently serving a sentence for auto theft. On 3 July 1972, he was mugged and hit on the head with a piece of concrete. He was unconscious for more than two months. Since that time, he has had medical problems and has been unable to hold a job. He continues to suffer seizures, blackouts, restlessness, depression, and incontinence. Since being in the custody of the Department of Correction, he has undergone surgery to put a plate in his head, received treatment for an ulcer, and has continuously received medication for both. On 22 June 1978, while at Vocational Trades, defendant was in pain from a blow on his head he had received a few days earlier. The pain caused him to have a seizure, and he was unable to control his actions. A young woman, who was supposed to help him, called a cab and took him to Chapel Hill. When defendant arrived in Chapel Hill, he regained control of himself and called his son. Defendant's son and uncle picked him up and returned him to his unit 24 June 1978.

*Attorney General Edmisten, by Assistant Attorney General Jane Rankin Thompson, for the State.*

*Robert F. Steele, for defendant appellant.*

ERWIN, Judge.

[1] Defendant's first assignment reads: "That the trial court Judge abused his discretion in denying the defendant's motion suggesting incapacity to proceed by not appointing an impartial medical expert to examine the defendant or by not committing the defendant to a State mental health facility pursuant to NC GS 15A-1002."

Prior to trial, defendant filed a motion suggesting incapcity to proceed under G.S. 15A-1002 based on two grounds: (1) the defendant had suffered extensive head injuries on 3 July 1972, and took medication for these injuries, and (2) the Head Psychiatrist at the Veterans Hospital in Fayetteville found the defendant to be incompetent in March 1974. At the hearing on the motion 9 October 1978, defendant merely reiterated the grounds set out in his motion and presented a list of the medication defendant was taking and a Veterans Hospital Report of the defendant by T. H. Gridley, M.D., transcribed 26 March 1974. The State responded

that defendant had been examined by many doctors and had been found to be competent. The court denied his motion.

Our Supreme Court held in *State v. Willard*, 292 N.C. 567, 575, 234 S.E. 2d 587, 592 (1977):

> "The test of a defendant's mental capacity to proceed to trial is whether he has the capacity to comprehend his position, to understand the nature and object of the proceedings against him, to conduct his defense in a rational manner, and to cooperate with his counsel to the end that any available defense may be interposed. *State v. Cooper*, 286 N.C. 549, 213 S.E. 2d 305 (1975); *State v. Jones*, 278 N.C. 259, 179 S.E. 2d 433 (1971); *State v. Propst*, 274 N.C. 62, 161 S.E. 2d 560 (1968); *State v. Sullivan*, 229 N.C. 251, 49 S.E. 2d 458 (1948); 4 Strong's N.C. Index 3d, Criminal Law § 29 (1976). The issue may be determined by the trial court with or without the aid of a jury. *State v. Cooper, supra; State v. Propst, supra; State v. Sullivan, supra.* When the trial judge conducts the inquiry without a jury, the court's findings of fact, if supported by competent evidence, are conclusive on appeal. *State v. Cooper, supra; see State v. Thompson, supra.*"

The trial court considered all the evidence presented by defendant. The record does not reveal that defendant had any other evidence available to him that he did not introduce or that he had witnesses who were unavailable to him. Defendant had the burden of persuasion on his motion. From the evidence presented, the court concluded that defendant had not shown a *lack* of capacity to comprehend his position, to understand the nature and object of the proceedings against him, to conduct his defense in a rational manner, and to cooperate with counsel to the end that any available defense may be interposed. We hold that the trial court did not abuse its discretion in this case and that the hearing on the motion met the requirement of G.S. 15A-1002(b)(3). *State v. Woods*, 293 N.C. 58, 235 S.E. 2d 47 (1977); *State v. Williams*, 38 N.C. App. 183, 247 S.E. 2d 620 (1978). Better practice requires the trial court to make findings of fact in its order on a motion suggesting incapacity to proceed under G.S. 15A-1002. In the case *sub judice*, the court did not make findings of fact; however, such was harmless error inasmuch as the evidence presented would have compelled the trial court to find against defendant.

**[2]**　Defendant contends that the trial court erred in denying his motion to dismiss at the close of the State's evidence on the grounds the warrant did not set out the exact date and time of the alleged escape and further failed to state the period of time was in excess of the 24 hour time limitation found in G.S. 148-45(g)(2). We find no error.

G.S. 148-45(g)(2) provides that a person (inmate) who would otherwise be guilty of a first violation of G.S. 148-45(g)(1) and who voluntarily returns to his place of confinement within 24 hours of the time at which he was ordered to return shall not be charged with escape but will be subject to administrative action of the Department of Correction. We hold that an exact time is not an essential element of the offense of escape as set out in G.S. 148-45(g)(1) and that the 24-hour exception provided in G.S. 148-45(g)(2) is a defense which defendant may have raised had the evidence warranted such defense, or he could have moved for a bill of particulars to obtain more definite information. *State v. Best*, 5 N.C. App. 379, 168 S.E. 2d 433 (1969).

We have carefully considered defendant's other assignments of error and find no merit in them.

Defendant's trial is free of prejudicial error.

No error.

Judges CLARK and ARNOLD concur.