STATE OF NORTH CAROLINA v. BILL ELLIS GATES

No. 8325SC59

(Filed 6 December 1983)

**1. Criminal Law § 29.1— capacity to stand trial—sufficiency of hearing**

The requirements of G.S. 15A-1002 which requires a hearing to determine defendant's capacity to proceed to trial when his capacity is questioned was complied with where defendant's motion for an evaluation to determine his capacity to stand trial was made during a recorded conference in the judge's chambers; the only evidence offered in support of the motion were statements by defendant's counsel that he and defendant had not had meaningful communication and defendant's own statements concerning his drug use and marital problems prior to his arrest; no medical evidence was offered or presented; and in spite of his initial indication, counsel for defendant never made his motion in open court. Although the better practice is for the trial court to make findings and conclusions when ruling on a motion under G.S. 15A-1002(b), it is not error for the trial court to fail to do so where the evidence would have compelled the ruling made, and the transcript of the conference in chambers indicates that defendant was fully able to stand trial and to cooperate with his attorney and aid in his defense.

**2. Criminal Law § 86.5— inquiry into defendant's drug use—permissible to impeach character**

In a prosecution for forgery and uttering forged instruments, the trial court did not err in allowing the State to inquire into the details of defendant's

drug use on cross-examination since the State's cross-examination was not concerned with the details of the offenses of which defendant was previously convicted, but rather, the State's questions sought information concerning defendant's drug use subsequent to those prior convictions.

APPEAL by defendant from *Griffin, Judge.* Judgment entered 19 August 1982 in Superior Court, CATAWBA County. Heard in the Court of Appeals 27 September 1983.

Defendant was charged with 21 counts of forgery and 21 counts of uttering a forged instrument. Prior to trial, there was a recorded in-chambers discussion concerning a plea arrangement at which defendant and his counsel, the prosecutor, and the judge were present. During this discussion, counsel for defendant made a motion for an evaluation of defendant's capacity to stand trial. After some discussion of the grounds for the motion, the judge indicated that the motion would be denied. On his plea of not guilty, defendant was then tried before a jury on 21 charges of forgery and 3 charges of uttering.

Defendant testified at trial and, during cross examination, admitted that he had been convicted of the offenses of sale and delivery of a controlled substance and possession of a controlled substance with intent to sell and deliver. Defendant also admitted to using the drugs talwin and dilantin on a regular basis. Following these admissions by defendant, the prosecution, over objection, was permitted to inquire into defendant's drug use: how the drugs were administered, where and from whom defendant procured the drugs, and how much he spent on them.

Defendant was found guilty of two counts of forgery and two counts of uttering and was sentenced to four consecutive prison terms of two years each. Defendant appealed.

*Attorney General Edmisten, by Assistant Attorney General James E. Magner, Jr., for the State.*

*Assistant Appellate Defender Nora B. Henry for defendant appellant.*

State v. Gates

EAGLES, Judge.

I

[1] Defendant first assigns error to the trial court's denial, without a hearing, of his motion for an evaluation to determine his capacity to stand trial.

G.S. 15A-1002 provides as follows:

(b) When the capacity of the defendant to proceed is questioned, the court:

. . . .

> (3) Must hold a hearing to determine defendant's capacity to proceed.

In this case, the question as to defendant's capacity to proceed was raised by motion during the discussion in the judge's chambers and considered as follows:

> MR. CUMMINS: . . . Bill [defendant] has become intent on getting a pretrial evaluation. I am going to move the court at this time that he be given a pretrial evaluation. Bill and I do not communicate well any more. In fact Bill and I don't communicate at all right now. We talk to each other but there is no transfer of ideas and he is not very receptive to my ideas and in open court I intent [sic] to move that Bill be given an opportunity to undergo pretrial evaluation.

> MR. BARROWS: is [sic] that for the purpose of determining his compentency [sic] to stand trial? And to assist in his preparation of his defense?

> MR. CUMMINS: That is correct.

> COURT: You are talking about the motion under 15A 1002.

> MR. CUMMINS: That is correct. Bill and I are not having meaningful dialog [sic] at this point and have not been for the last week or the last little while. May be longer than that.

> MR. BARROWS: Let me inform the court that the state will oppose that motion. We see the only purpose for that is delay and we see no evidence of any indication that he has any mental inability to assist his counsel and to help prepare

his defense or that he was not able to tell right from wrong and the nature and quality of his acts at the time that the crimes were committed.

MR. CUMMINS: According to my conversatio [sic] with my client, well, not at this time for he has been in jail for five months, but before that time he was a heavy user of drugs.

COURT: What drugs?

MR. CUMMINS: Dilatin [sic] and talwin.

MR. GATES [defendant]: If you want to see them I will show yo [sic] my arms if you want to see them. I was on it for better than four years and about the worse that I ever did and I am not proud of it. I am glad in a way I was arrested for it might have saved my life you know.

COURT: You are not saying you have been [on] drugs while in jail are you?

MR. GATES: No sir. I got on talwin when I was convicted about five years ago and I done three years sentence and that is when I got the drugs when I was in prson [sic] in Newton.

COURT: What I am saying you have not had any drugs while in the Catawba County Jail?

MR. GATES: No sir. I have been off of them every [sic] since I was arrested you know.

COURT: And how far did you go in school?

MR. GATES: I didn't finish the tenth grade.

COURT: You get any training while you were in prison?

MR. GATES: I just worked, you know on work release.

COURT: What did you do.

MR. GATES: I worked at Deville Furniture.

COURT: Furniture factory here?

MR. GATES: Yes, In Hickory.

COURT: What do you feel an examination in Raleigh would possibly produce?

MR. GATES: it [sic] would show, I mean, how do you put it in words, show that for the last, you know, before Christmas that my wife and I had problems and she was taking the kid and going back and forth and it was driving me over the edge and I had a drug problem bad and I didn't realize it at the time and I was really doing and I needed help, you know then. . . .

. . . .

MR. BARROWS: . . . We don't seem to be able to come to a plea arrangement that he can live with.

COURT: Okay, we will go and try it. Anything else you want to say.

MR. GATES: No sir.

COURT: On the motion for commitment for a [sic] evaluation, I just don't see any value tha [sic] will come from that and I am going to deny it and proceed with the trial today as planned. [Defendant's exception No. 1]. . . .

The State contends that this discussion in chambers satisfies the hearing requirement of G.S. 15A-1002(b)(3) and that defendant's motion was properly denied.

Prior to the enactment of G.S. 15A-1002 in 1975, no hearing was required when a defendant's capacity to proceed was brought into question. G.S. 122-83 through 122-91 (1974). In the absence of a legislatively prescribed method for conducting such inquiries, the courts were governed by the common law. The method of inquiry was within the discretion of the trial judge, the only requirement being that defendant be accorded due process of law. *State v. Sullivan*, 229 N.C. 251, 49 S.E. 2d 458 (1948); *State v. Lewis*, 11 N.C. App. 226, 181 S.E. 2d 163, *cert. denied* and *appeal dismissed*, 279 N.C. 350, 182 S.E. 2d 583 (1971); *see* G.S. 122-83 (1974) ("it shall be *ascertained by due course of law* that such person is mentally ill and cannot plead, . . . ."). [Emphasis added.]

*State v. Gray*, 292 N.C. 270, 233 S.E. 2d 905 (1977), decided under the former law, is similar in several respects to the present case. In *Gray*, defendant moved the court for an evaluation of his capacity to stand trial. Upon inquiry by the court, defendant's counsel gave as evidence of defendant's incapacity the fact that

he and defendant had been unable to communicate for a week to ten days. The defendant interjected that counsel had failed to see him for a week prior to trial, urging only that defendant accept a proffered plea bargain. Defendant complained of the "informality of the inquiry." *Id.* at 288, 233 S.E. 2d at 917. The court, however, held that there was "nothing amiss in the procedure utilized by the court in hearing and ruling on this question." *Id.* at 289, 233 S.E. 2d at 917.

Although the present statute requires the court to conduct a hearing when a question is raised as to a defendant's capacity to stand trial, no particular procedure is mandated. The method of inquiry is still largely within the discretion of the trial judge.

In *State v. Woods,* 293 N.C. 58, 235 S.E. 2d 47 (1977), the Supreme Court affirmed the trial court's denial of defendant's motion for a pretrial evaluation under G.S. 15A-1002 even though "[t]he record is not entirely satisfactory as to whether and to what extent defendant was accorded a hearing." *Id.* at 64, 235 S.E. 2d at 50. Relying only on the indication from defendant's counsel that defendant did not wish to present evidence and on defendant's failure to complain about the lack of a hearing, the court there held that "the trial court considered all information relative to defendant's capacity . . ." and ruled that the requirements of G.S. 15A-1002(b)(3) were satisfied. *Id.*

*State v. Williams,* 38 N.C. App. 183, 247 S.E. 2d 620 (1978), reached a similar conclusion as to the hearing requirement of G.S. 15A-1002(b)(3):

> The defendant produced no evidence in support of her motion other than counsel's statements that the defendant had indicated to him that she was not able to assist in the defense of her case. It is apparent from the colloquy between defense counsel and the court that defendant had previously been examined by a medical doctor, not a psychiatrist, and found to be fit to stand trial.
>
> . . . .
>
> The "hearing" in this case was in the context of a motion for a continuance to allow for a psychiatric examination prior to trial. Defense counsel did not request a full hearing on the matter nor did he tender evidence to support his motion. . . .

[I]n this case it appears that the defendant presented all the evidence she was prepared to present. It should be noted that she did not request to be heard further on the matter. Under these circumstances we hold that the defendant's hearing satisfied the requirements of G.S. 15A-1002(b)(3).

*State v. Williams, supra* at 189, 247 S.E. 2d at 623.

In *State v. Potts*, 42 N.C. App. 357, 256 S.E. 2d 497 (1978), defendant's motion under G.S. 15A-1002 was made during jury selection. The court heard statements from defendant's attorney but no medical evidence was presented. The trial court denied the motion and this Court held that the hearing complied with G.S. 15A-1002(b)(3). *See also State v. Jacobs*, 51 N.C. App. 324, 276 S.E. 2d 482 (1981) (no hearing required on renewed motion where no additional evidence is presented).

The hearing requirement of G.S. 15A-1002(b)(3) appears to be satisfied as long as it appears from the record that the defendant, upon making the motion, is provided an opportunity to present any and all evidence he or she is prepared to present. Here, the record shows that defendant's motion was made during a recorded conference in chambers. The only evidence offered in support of the motion were statements by defendant's counsel that he and defendant had not had meaningful communication and defendant's own statements concerning his drug use and marital problems prior to his arrest. No medical evidence was offered or presented. In spite of his initial indication, counsel for defendant never made his motion in open court. There was no request to be heard further on the matter and no indication that defendant had more evidence to present.

Although the statute now requires a hearing, the decision to grant a motion for an evaluation of a defendant's capacity to stand trial remains within the trial judge's discretion. *State v. Woods, State v. Williams*, both *supra.* Defendant has the burden of persuasion with respect to establishing his incapacity. *State v. Jacobs, supra.* Although the better practice is for the trial court to make findings and conclusions when ruling on a motion under G.S. 15A-1002(b), it is not error for the trial court to fail to do so where the evidence would have compelled the ruling made. *Id.; State v. Womble*, 44 N.C. App. 503, 261 S.E. 2d 263, *rev. denied* and *appeal dismissed*, 299 N.C. 740, 267 S.E. 2d 669 (1980).

Where the procedural requirement of a hearing has been met, defendant must show that the trial court abused its discretion in denying the motion before reversal is required. *State v. McGuire*, 297 N.C. 69, 254 S.E. 2d 165, *cert. denied sub nom McGuire v. State*, 444 U.S. 943 (1979). The defendant here has shown no abuse of discretion. The transcript of the conference in chambers indicates that defendant was fully able to stand trial and to cooperate with his attorney and aid in his defense. The trial court's denial of defendant's motion was therefore not error and defendant's assignment of error is overruled.

II

[2]  Defendant next argues that the trial court erred in failing to limit the State's cross-examination of him concerning his prior convictions. After defendant had admitted to previous convictions on drug-related charges, the district attorney inquired into the details of defendant's drug use: how the drugs were administered, how much defendant paid for them, and how he obtained them. Defendant argues that the State's inquiry exceeded permissible limits of cross-examination and that the information elicited was irrelevant and highly prejudicial.

This assignment of error encompasses twenty-five exceptions. These exceptions are supported in the record by two objections, both of which were overruled. It is well established that the failure to object to the introduction of evidence is a waiver of the right to do so. *State v. Gurley*, 283 N.C. 541, 196 S.E. 2d 725 (1973); Brandis, N.C. Evidence § 27 (1982). A party may not properly make exceptions on appeal to evidence not objected to at trial. *State v. Gurley, supra.* In our discretion, however, we have reviewed the exceptions purportedly brought forward by defendant and find in them no basis for the granting of a new trial.

By taking the witness stand in his own defense, defendant was subject to impeachment like any other witness. Although defendant's character was not in issue, one of the means available to the State for impeaching defendant's credibility was by evidence of his bad character. Brandis, N.C. Evidence § 108 (1982). Where evidence of a witness's bad character included prior convictions for criminal offenses, the range of inquiry as to the details of the crime is limited. *State v. Finch*, 293 N.C. 132, 235 S.E. 2d 819 (1977), cited by defendant, states the policy and rule:

Strong policy reasons support the principle that ordinarily one may not go into the details of the crime by which the witness is being impeached. Such details unduly distract the jury from the issues properly before it, harass the witness and inject confusion into the trial of the case. Nevertheless, where a conviction has been established, a limited inquiry into the time and place of conviction and the punishment imposed is proper.

*Id.* at 141, 235 S.E. 2d at 824; *accord, State v. Bryant,* 56 N.C. App. 734, 289 S.E. 2d 630 (1982). *See generally,* Brandis, N.C. Evidence § 112.

In the present case, it is clear from the transcript that the State's cross-examination was not concerned with the details of the offenses of which defendant was previously convicted. Rather, the State's questions sought information concerning defendant's drug use subsequent to those prior convictions. The rule enunciated in *State v. Finch, supra,* does not apply here and defendant's reliance on it is misplaced. The State was subject only to the much broader limitations regarding impeachment by cross-examination generally.

Where a party seeks to impeach the character of a witness, he may inquire into any act of the witness that tends to impeach his character, provided the questions are asked in good faith, *State v. Mayhand,* 298 N.C. 418, 259 S.E. 2d 231 (1979). The trial judge has broad discretion with respect to the range and scope of cross-examination and his ruling should not be disturbed except where that discretion is abused or where the error is prejudicial. *Id.;* Brandis, N.C. Evidence § 42.

Here, the State sought to impeach defendant's credibility as a witness. It is clear that the State had a good faith basis for asking about defendant's drug use. No abuse of discretion by the trial court has been shown and no prejudice to defendant is apparent. It was not error for the court to allow the questions. Defendant's argument in this regard is without merit.

No error.

Judges ARNOLD and PHILLIPS concur.