STATE OF NORTH CAROLINA v. HASHIM O'NEAL

No. 939SC1045

(Filed 20 September 1994)

1. **Criminal Law § 1123 (NCI4th)— premeditation and delib-eration as aggravating factor—defendant's testimony at separate trial as basis—no error**

The trial court did not err when it found premeditation and deliberation as a nonstatutory aggravating factor for second-degree murder where the only evidence in support of such factor was defendant's own testimony at a separate trial of his codefend-ants, since the parties in effect stipulated to the use of the testi-mony of defendant in the Transcript of Plea where the Transcript of Plea provided that the district attorney would report to the court any substantial assistance by defendant in the prosecution of his codefendants for consideration in imposing sentence, and the trial court had to examine defendant's testimony in the co-defendant's trial in order to determine defendant's substantial assistance.

**Am Jur 2d, Criminal Law §§ 598, 599.**

2.  **Criminal Law § 172 (NCI4th)— further mental evaluation of defendant denied—no error**

    The trial court did not err in denying defendant's motion for further mental evaluation and a continuance, since the trial court granted defendant a hearing on capacity; the judge then found that defendant was competent to stand trial and denied defendant's motion for further evaluation; denial of this motion was within the discretion of the trial court; and while there was evidence to support defendant's contention that he was not competent and needed further evaluation, the record also contained competent evidence to support the trial court's ruling.

    **Am Jur 2d, Criminal Law §§ 95 et seq.**

    **Validity and construction of statutes providing for psychiatric examination of accused to determine mental condition. 32 ALR2d 434.**

Appeal by defendant from judgment entered on 29 January 1993 by Judge Henry W. Hight, Jr., in Warren County Superior Court. Heard in the Court of Appeals 23 August 1994.

*Attorney General Michael F. Easley, by Special Deputy Attorney General Hal F. Askins, for the State.*

*Appellate Defender Malcolm Ray Hunter Jr., by Assistant Appellate Defender Charles R. Alston Jr., for defendant appellant.*

COZORT, Judge.

Defendant pled guilty to second degree murder and received a life sentence. He presents two arguments on appeal: (1) May the trial court find the aggravating factor of premeditation and deliberation where the only evidence in support of such factor is defendant's own testimony at a separate trial of his codefendants? and (2) Did the trial court err by denying defendant's motion for further mental evaluation and a continuance? We affirm the trial court on both issues.

Defendant was indicted on 15 July 1991 for the first degree murder of Calvin Hargrove. On 13 November 1992, defendant's counsel filed a motion for commitment to determine defendant's competence to stand trial. Defendant was admitted to Dorothea Dix Hospital on 20 November 1992 where he was examined by Dr. Clabe Lynn. Dr. Lynn noted that defendant was hearing voices and wanted the vents

checked because he saw three little red men. Thus, it was difficult to assess defendant's concentration, orientation, and memory due to defendant's "guardedness." Dr. Lynn found defendant to be competent to stand trial; however, he recommended that defendant be examined further for competency to stand trial when he was more cooperative.

On 28 December 1992, defendant filed a motion for further mental evaluation and for a continuance based on Dr. Lynn's recommendation and further incidents involving defendant. In one incident, a deputy observed defendant tremble in fear, scream and howl like a wolf, pace the floor, run in his cell as if being pursued, crawl under his bed refusing to come out, and appear unable to utter a coherent word or sentence. In a second incident, defendant defecated and urinated on his cell floor, appeared to suffer from delusions and hallucinations, sweated and shook violently, and was completely unresponsive to questions for a period of twelve hours. Defense counsel also presented an affidavit from a forensic pathologist, who, after reading Dr. Lynn's report and considering other evidence mentioned, stated that defendant's actions were consistent with many mental disorders requiring further evaluation. Defense counsel made an oral motion for the appointment of a psychiatric expert to assist defendant. This motion was denied.

On 9 January 1993, defendant's motion for further evaluation was denied. Defendant entered a plea of guilty to the charge of second degree murder on the condition that the charges of conspiracy to commit murder and first degree burglary would be dismissed and that judgment would be continued pending disposition of charges against codefendants. The district attorney agreed to report to the court any substantial assistance provided during the prosecution of the codefendants for consideration in imposing a sentence.

On 29 January 1993, Judge Hight held a sentencing hearing. The State submitted as a non-statutory aggravating factor that the crime was committed with premeditation and deliberation. Defense counsel requested the court to consider as mitigating factors that defendant had no criminal record and that he suffered from a mental condition. The court incorporated into the sentencing hearing the testimony of defendant given during the trial of the codefendants. During that trial, defense counsel was present, and the court allowed defendant an opportunity to confer with his attorneys while under oath and on the witness stand. The court found as a non-statutory aggravating factor

that the crime was committed with premeditation and deliberation. The court found as a mitigating factor that defendant had no criminal record. The court found the aggravating factor outweighed the mitigating and sentenced defendant to life imprisonment.

[1] Defendant contends the trial court erred when it found premeditation and deliberation as a non-statutory aggravating factor based on testimonial evidence outside the record. We find that the trial court did not err because the parties stipulated to the use of the testimony of the defendant in the Transcript of Plea.

Generally, a defendant who has entered a plea of guilty to a felony is not entitled to appellate review as a matter of right. *State v. Ahearn*, 307 N.C. 584, 605, 300 S.E.2d 689, 702 (1983); N.C. Gen. Stat. § 15A-1444 (1988). However, N.C. Gen. Stat. § 15A-1444(a1) provides in pertinent part:

(a1) A defendant who has . . . entered a plea of guilty . . . to a felony, is entitled to appeal as a matter of right the issue of whether his sentence is supported by evidence introduced at the trial and sentencing hearing only if the prison term of the sentence exceeds the presumptive term set by G.S. 15A-1340.4, and if the judge was required to make findings as to aggravating or mitigating factors . . . .

The State bears the burden of proof to establish the existence of aggravating factors by a preponderance of the evidence where it seeks a sentence in excess of the presumptive term. *State v. Thompson*, 314 N.C. 618, 622, 336 S.E.2d 78, 80 (1985). The trial judge may consider non-statutory aggravating factors which are reasonably related to the purposes of sentencing and are proved by a preponderance of the evidence. *State v. Thompson*, 328 N.C. 477, 492, 402 S.E.2d 386, 394 (1991); N.C. Gen. Stat. § 15A-1340.4(a) (1988). With respect to second degree murder, premeditation and deliberation is a non-statutory aggravating factor which is reasonably related to the purposes of sentencing. *State v. Vandiver*, 326 N.C 348, 351, 389 S.E.2d 30, 33 (1990). Furthermore, if a defendant charged with first degree murder pleads guilty to second degree murder, the sentencing judge may find premeditation and deliberation to be reasonably related to the purposes of sentencing. *State v. Melton*, 307 N.C. 370, 376, 298 S.E.2d 673, 678 (1983); *State v. Brewer*, 321 N.C. 284, 286, 362 S.E.2d 261, 262 (1987). It is within the sole discretion of the trial court to determine the weight given to each aggravating or mitigating factor and the extent to which the sentence may exceed the presumptive

term. *State v. Canty*, 321 N.C. 520, 527, 364 S.E.2d 410, 415 (1988). In order to reverse, the defendant must show there is no support in the record for the court's decision. *Id.*

At sentencing, reliance on evidence from the trials of others connected with the same offense is improper absent a stipulation. *State v. Benbow*, 309 N.C. 538, 549, 308 S.E.2d 647, 654 (1983); *Thompson*, 314 N.C. at 623, 336 S.E.2d at 81. Furthermore, "[e]ven with such a stipulation reliance exclusively on such record evidence from other trials (in which the defendant being sentenced had no opportunity to examine the witnesses) as a basis for a finding of an aggravating circumstance may constitute prejudicial error." *Benbow*, 309 N.C. at 549, 308 S.E.2d at 654. The policy behind this ruling is that the focus at the previous trial is on the culpability of others and not the defendant being sentenced here. *Id.*

In the case at hand, while the trial judge acknowledged that there was no actual stipulation, the trial judge concluded that the parties contemplated a stipulation. The Transcript of Plea provided that the district attorney was to report to the court any substantial assistance provided during the prosecution of the codefendants for consideration in imposing a sentence. In order to determine defendant's substantial assistance, the trial judge had to examine defendant's testimony from the trial of the codefendants. Thus, the Transcript of Plea served as a stipulation.

Furthermore, the trial judge did not consider the testimony of third parties to determine premeditation and deliberation of defendant. To the contrary, the court relied on defendant's own testimony at the codefendants' trial. Also, defense counsel was present at that trial, and the court there allowed defendant an opportunity to confer with his attorneys while under oath and on the witness stand during the trial of codefendants. Accordingly, *Benbow* is not applicable with respect to defendant's testimony. We find the trial court did not err in considering defendant's testimony from the trial of his codefendants.

[2] Defendant next contends that the trial court erred in denying defendant's pretrial motion for further mental evaluation where defendant had shown a particularized need for the expert. Before reaching the merits on this assignment of error, we must first examine this Court's jurisdiction to hear this assignment of error.

Generally, a defendant who has entered a plea of guilty to a felony is not entitled to appellate review as a matter of right. *Ahearn*, 307

N.C. at 605, 300 S.E.2d at 702; N.C. Gen. Stat. § 15A-1444. However, N.C. Gen. Stat. § 15A-1444(e) provides the following:

> (e) Except as provided in subsection (a1) of this section and G.S. 15A-979, and except when a motion to withdraw a plea of guilty or no contest has been denied, the defendant is not entitled to appellate review as a matter of right when he has entered a plea of guilty or no contest to a criminal charge in the superior court, but he may petition the appellate division for review by writ of certiorari.

Hence, in the present case where defendant pled guilty, we may not consider this assignment of error unless we treat his appeal as a writ of certiorari with respect to this assignment of error. Given the life sentence imposed upon defendant, we elect to treat the appeal as a petition for a writ of certiorari. We hereby grant the writ and proceed to review defendant's argument.

A defendant has the burden of proof to show incapacity or that he is not competent to stand trial. *State v. Gates*, 65 N.C. App. 277, 283, 309 S.E.2d 498, 502 (1983). Once defendant's capacity to proceed is questioned, the court must hold a hearing to determine this issue. N.C. Gen. Stat. § 15A-1002(b) (1988). The test in determining competency to stand trial is whether the defendant has the capacity to understand the nature and object of the proceedings against him, comprehend his position, assist in his defense in a rational manner, and cooperate with counsel to interpose any defenses. *State v. Shytle*, 323 N.C. 684, 689, 374 S.E.2d 573, 575 (1989); N.C. Gen. Stat. § 15A-1001(a) (1988).

A defendant has a right to a hearing on capacity. *State v. McGuire*, 297 N.C. 69, 85, 254 S.E.2d 165, 175 (1979), *cert. denied*, 444 U.S. 943, 62 L.Ed.2d 310 (1979); N.C. Gen. Stat. § 15A-1002(b). Nevertheless, the question of whether the defendant is to be examined by a psychiatric expert is within the sole discretion of the trial court. *McGuire*, 297 N.C. at 85, 254 S.E.2d at 175; N.C. Gen. Stat. § 15A-1002(b)(1). The trial court may determine the question of capacity with or without a jury. *State v. Jackson*, 302 N.C. 101, 104, 273 S.E.2d 666, 669 (1981). When proceeding without a jury, the trial court's findings of fact are conclusive on appeal when there is competent evidence to support them, even if there is evidence to the contrary. *State v. Heptinstall*, 309 N.C. 231, 234, 306 S.E.2d 109, 111 (1983). The trial court has not erred if it does not make findings of fact where the evidence would compel the ruling made, but the better

practice is to make findings and conclusions. *Gates*, 65 N.C. App. at 283, 309 S.E.2d at 502. In order to reverse, the defendant must show the trial court abused its discretion. *Id.*

The trial court below granted defendant a hearing on capacity. After the hearing, the trial judge found that the defendant was competent to stand trial. Judge Hight denied defendant's motion for further evaluation. Denial of this motion is within the discretion of the trial court. There is evidence to support the decision of the trial court that defendant was competent to stand trial and that no further evaluation was required. While there was other evidence to support defendant's contention that he was not competent and needed further evaluation, the record also contained competent evidence to support the trial court's ruling. Therefore, we find no abuse of discretion.

Defendant also argues in his brief that an independent expert was needed to assist in developing the defenses of insanity or diminished capacity. Those issues were not presented to the trial court and will not be considered here.

Affirmed.

Judges EAGLES and LEWIS concur.