An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA14-300

NORTH CAROLINA COURT OF APPEALS

Filed: 16 September 2014

In re: J.V.

Currituck County
No. 12 JB 30

Appeal by juvenile from order entered 16 April 2013 by Judge Edgar L. Barnes in Currituck County District Court. Heard in the Court of Appeals 28 August 2014.

> *Roy Cooper, Attorney General, by Stephanie A. Brennan, Special Deputy Attorney General, for the State.*
>
> *Peter Wood for the juvenile.*

STEELMAN, Judge.

Where the trial court held a hearing on competency and the juvenile did not appeal from that order, the juvenile failed to preserve that ruling for appellate review. Where the juvenile presented no new evidence upon his motion for an additional hearing on competency, the trial court did not abuse its discretion in denying the motion.

## I. Factual and Procedural Background

On 2 October 2012, a juvenile petition was filed in the District Court of Currituck County. The petition alleged that, on 6 September 2012, J.V., a middle school student, swore loudly in a hallway during school and struck a teacher.

On 23 October 2012, J.V.'s counsel filed a motion questioning J.V.'s capacity to proceed, alleging that J.V. was diagnosed with "high spectrum Aspbergers [sic] syndrome." On 15 January 2013, the trial court held a hearing on J.V.'s competency, and on 27 February 2013, the trial court entered an order that concluded that J.V. had the capacity to proceed to trial.

At the adjudication hearing on 16 April 2013, J.V.'s counsel again moved for a competency hearing. This motion was denied by the trial court.

At the conclusion of the hearing, the trial court entered its order on adjudication, finding J.V. delinquent, based upon his assault on a government official and disorderly conduct.

From the adjudication order, J.V. appeals.

## II. Standard of Review

> "Although the present statute requires the
> court to conduct a hearing when a question

> is raised as to a defendant's capacity to stand trial, no particular procedure is mandated. The method of inquiry is still largely within the discretion of the trial judge." *State v. Gates,* 65 N.C. App. 277, 282, 309 S.E.2d 498, 501 (1983). The statutory hearing requirement "appears to be satisfied as long as it appears from the record that the defendant, upon making the motion, is provided an opportunity to present any and all evidence he or she is prepared to present." *Id.* at 283, 309 S.E.2d at 502.

*State v. Robinson*, ___ N.C. App. ___, ___, 729 S.E.2d 88, 94 (2012). "Ultimately, 'the decision to grant a motion for an evaluation of a defendant's capacity to stand trial remains within the trial judge's discretion.'" *Id.* (quoting *Gates*, 65 N.C. App. at 283, 309 S.E.2d at 502). "'Where the procedural requirement of a hearing has been met, defendant must show that the trial court abused its discretion in denying the motion before reversal is required.'" *Id.* (quoting *Gates*, 65 N.C. App. at 284, 309 S.E.2d at 502).

### III. Competency Hearing

In his first argument, J.V. contends that the trial court abused its discretion when it found that J.V. had capacity to proceed. We note, however, that the notice of appeal in the record references only the "adjudication of delinquency signed April 30, 2013, and filed on May 7, 2013[,]" and not the

competency order, entered 25 February 2013 and filed 27 February 2013.

Pursuant to Rule 3(d) of the North Carolina Rules of Appellate Procedure, the notice of appeal "shall designate the judgment or order from which appeal is taken[.]" N.C. R. App. P. 3(d). J.V.'s failure to raise the competency order in his notice of appeal constitutes a waiver of appeal from that order, and this argument is dismissed.

### IV. Motion at Adjudication

In his second argument, J.V. contends that the trial court abused its discretion when it declined to hold a second hearing on competency prior to its adjudication hearing. We disagree.

Pursuant to N.C. Gen. Stat. § 15A-1002:

> (a) The question of the capacity of the defendant to proceed may be raised at any time on motion by the prosecutor, the defendant, the defense counsel, or the court. The motion shall detail the specific conduct that leads the moving party to question the defendant's capacity to proceed.
>
> (b)(1) When the capacity of the defendant to proceed is questioned, the court shall hold a hearing to determine the defendant's capacity to proceed. If an examination is ordered pursuant to subdivision (1a) or (2) of this subsection, the hearing shall be held after the examination. Reasonable notice shall be given to the defendant and prosecutor, and the State and the defendant

may introduce evidence.

N.C. Gen. Stat. § 15A-1002 (2013). "'[T]he conviction of an accused person while he is legally incompetent violates due process[.]'" *State v. Coley*, 193 N.C. App. 458, 461, 668 S.E.2d 46, 49 (2008) (quoting *State v. Taylor*, 298 N.C. 405, 410, 259 S.E.2d 502, 505 (1979)), *aff'd*, 363 N.C. 622, 683 S.E.2d 208 (2009). J.V. contends that the trial court was under a duty to hold a hearing, based upon J.V.'s motion, to reconsider competency.

In *State v. Chukwu*, this Court considered a matter where the trial court failed to institute, *sua sponte*, a competency hearing. Citing to our decision in *State v. McRae*, this Court observed that "[a] trial court has a constitutional duty to institute, *sua sponte*, a competency hearing *if there is substantial evidence before the court* indicating that the accused may be mentally incompetent." *State v. Chukwu*, ___ N.C. App. ___, ___, 749 S.E.2d 910, 916 (2013) (quoting *State v. McRae*, 139 N.C. App. 387, 390, 533 S.E.2d 557, 559 (2000)). In *Chukwu*, we held that "there were minimal competency concerns and no findings by any of the examining psychiatrists that Defendant's competency was temporary." *Chukwu*, ___ N.C. App. at ___, 749 S.E.2d at 918. As a result, we concluded that:

> Because (i) the evidence presented does not raise a bona fide doubt about Defendant's competency during the trial and (ii) Defendant's competency was not temporal in nature, we hold that the trial court did not err when it did not commence a second competency hearing *sua sponte*.

*Id.*

In the instant case, at the adjudication hearing on 16 April 2013, J.V.'s counsel sought to revisit the issue of competency. The basis of the motion was that counsel felt that the trial court did not properly consider the testimony presented at the competency hearing, did not mention some of the testimony in its findings, and thus did not decide the issue correctly. The trial court responded, succinctly:

> The Court asserts that it is the sole finder of fact and was the sole finder of fact during this hearing and respectfully denies your motion. The fact that a witness stated something other than what the Court found doesn't necessarily mean that I'm obligated to find that as a fact.

At no point in this colloquy did counsel suggest that any new evidence existed or that other circumstances had arisen suggesting that a *bona fide* doubt existed concerning J.V.'s competency to proceed, or that the competency found at the prior hearing was temporary in nature.

In the absence of new evidence beyond that considered at the prior competency hearing, we hold that the trial court did not abuse its discretion in denying J.V.'s motion to reconsider the issue of competency.

DISMISSED IN PART, AFFIRMED IN PART.

Judge GEER concurs.

Judge HUNTER, Robert N., Jr. concurs prior to 6 September 2014.

Report per Rule 30(e).