STATE OF NORTH CAROLINA v. NICHOLAS ARTHUR BOLINGER

No. 570A85

(Filed 3 September 1987)

1. **Criminal Law §§ 138.32, 138.38 — second degree murder — failure to find mitigating factors of duress and provocation — no error**

The trial court did not err in a second degree murder prosecution by failing to find that the murder was committed under duress, coercion, compulsion, and strong provocation where defendant's testimony established that his mental condition at the time of the murder was affected by his consumption of drugs and alcohol, economic insecurity, and his deteriorating relationship with the victim, and where the trial judge found in mitigation that defendant was suffering from a mental condition which was insufficient to constitute a defense but which significantly reduced his culpability. Moreover, there was no merit to defendant's contention that his testimony that the victim smacked him prior to the attack required the trial judge to find strong provocation.

2. **Criminal Law § 138.14 — second degree murder — balancing of aggravating and mitigating factors — no error**

The trial court in a murder prosecution did not abuse its discretion in balancing aggravating and mitigating factors and sentencing defendant to life imprisonment where the court found one aggravating factor, prior convictions, based on at least eight offenses punishable by confinement in excess of sixty days, and in mitigation found that defendant was suffering from a mental condition which significantly reduced his culpability and that the relationship between defendant and the victim was an extenuating circumstance.

3. **Criminal Law § 23 — plea of guilty — no appeal of right**

The defendant in a murder prosecution did not have an appeal as a matter of right to challenge the court's acceptance of his guilty plea to second degree murder; defendant may obtain appellate review only upon a grant of certiorari for which he did not petition. However, the court nevertheless elected to review the merits of his contention. N.C.G.S. § 15A-1444(e).

4. **Criminal Law § 23.3 — guilty plea — knowing and voluntary**

The trial court properly determined that defendant knowingly pled guilty to second degree murder where defendant's response to the judge's question-

ing clearly indicated that defendant admitted killing the victim and intended to plead guilty to murder in the second degree. Nothing in N.C.G.S. § 15A-1022 requires the court to inquire whether defendant is, in fact, guilty.

APPEAL of right by defendant pursuant to N.C.R. App. P. 4(d) and N.C.G.S. § 15A-1444(a1) (1983) from a sentence of life imprisonment entered by *Burroughs, J.,* on 9 April 1985, upon a plea of guilty to murder in the second degree. Heard in the Supreme Court 8 June 1987.

*Lacy H. Thornburg, Attorney General, by Victor H. E. Morgan, Jr., Assistant Attorney General, for the State.*

*Elisabeth A. Wyche, for defendant-appellant.*

FRYE, Justice.

In this appeal we consider defendant's contentions that the trial court erred in (1) failing to find several mitigating factors; (2) balancing the aggravating and mitigating factors and imposing a life sentence; and (3) accepting a plea of guilty. We reject each of these contentions.

Testimony at the sentencing hearing tended to show the following facts. On 26 September 1984, the deteriorated body of the victim was found in a car parked at the Ramada Inn in Hendersonville, North Carolina. An autopsy revealed substantial injuries to the victim's head, face and jaw.

On 4 September 1984, the victim called the Asheville Police Department from a pay phone and informed an officer that defendant had threatened to kill her. A police unit was dispatched to the area and picked up the victim. She told the police that defendant had stolen a television set the previous day and had stolen other televisions on other occasions and transported them to Tennessee where he sold them. She reported that the defendant had attempted to sell her into prostitution and that when she refused he had beaten her. The victim indicated that the defendant would kill her if he knew she had talked to the police. She later stated that this might be the last time the police would see her alive and reiterated her fear that the defendant was going to kill her.

State v. Bolinger

In early August 1984, defendant told an acquaintance that the victim had stolen one hundred and fifty dollars from him and that he intended to smash her head in after he got his money back. Defendant admitted killing the victim. According to his testimony he and the victim, both of whom were recovering alcoholics, had lived together for some time. They moved constantly from city to city and, while driving, would consume alcohol and amphetamines. During this time, the victim began to work as a prostitute. Both began to drink more heavily and as a result their relationship deteriorated. According to defendant, he and the victim decided to drive to North Carolina from Orlando, Florida. The victim engaged in prostitution at truck stops along the way while defendant stayed awake at night to make sure nothing happened to her. Defendant testified that the trip lasted four days during which he consumed alcohol and amphetamines. They stopped at a bar in Asheville in order to wait for a friend who had promised to lend defendant some money. Defendant testified that he got out of the car to tighten the screws which attached the license plate to the car and returned to the car with the ratchet wrench in hand. When he returned to the car he told the victim that the friend would be there soon. According to defendant, the victim, who had also been drinking, stated that, "You're not going to do anything you SOB," and smacked defendant on the ear and face. Defendant testified that at the time, he had the wrench in his hand and that although he did not remember hitting victim the first time, at a later point he did realize he was hitting her with the wrench and immediately stopped. He realized then that she was dead. Defendant left the victim's body in the car which he parked at the Ramada Inn in Hendersonville.

Defendant pled guilty to murder in the second degree. The sentencing judge found that the murder was aggravated by defendant's prior convictions for criminal offenses punishable by more than sixty days. In mitigation, the judge found that the defendant was suffering from a mental condition that significantly reduced his culpability and that the relationship between the defendant and the victim was an extenuating circumstance. The trial judge found that the aggravating factor outweighed the mitigating factors and sentenced defendant to life imprisonment. Defendant appealed to this Court.

[1]   Defendant first contends that he is entitled to a new sentencing hearing because the sentencing judge failed to find as mitigating circumstances that the murder was committed under duress, coercion, compulsion, and strong provocation. We disagree.

In *State v. Clark*, 314 N.C. 638, 336 S.E. 2d 83 (1985), a case involving the mitigating factor of strong provocation, this Court stated that when evidence is offered in support of a mitigating factor, the trial judge must first determine what facts are established by a preponderance of the evidence and then determine whether those facts support the conclusion that the mitigating factor exists. "Only if the evidence offered at the sentencing hearing 'so clearly establishes the fact in issue that no reasonable inferences to the contrary can be drawn' is the court compelled to find that the mitigating factor exists." *Id.* at 642, 336 S.E. 2d at 85. (Citations omitted.) We are not convinced that the evidence presented so clearly established that defendant committed the murder under duress, coercion or compulsion that no reasonably inference to the contrary can be drawn. Defendant's testimony established that his mental condition at the time of the murder was affected by his consumption of drugs and alcohol, economic insecurity and his deteriorating relationship with the victim. We believe, however, that these facts were appropriately considered by the sentencing judge when he found in mitigation that "the defendant was suffering from a mental condition that was insufficient to constitute a defense [but] significantly reduced his culpability of the offense." We also find no merit in defendant's contention that his testimony that the victim smacked him prior to the attack was such as to require the trial court to find as a mitigating factor that the defendant acted under strong provocation.

[2]   Defendant next contends that the sentencing judge abused his discretion in balancing the aggravating and mitigating factors and in imposing the maximum sentence of life imprisonment.

Judges have the discretionary power under the Fair Sentencing Act to increase or reduce sentences from the presumptive term upon findings of aggravating or mitigating factors. *State v. Ahearn*, 307 N.C. 584, 300 S.E. 2d 689 (1983). This Court has held that:

> [t]he discretionary task of weighing mitigating and aggravating factors is not a simple matter of mathematics. For example, three factors of one kind do not automatically and of necessity outweigh one factor of another kind. The number of factors found is only one consideration in determining which factors outweigh others. Although the court is required to consider all statutory factors to some degree, it may very properly emphasize one factor more than another in a particular case . . . .

*Id.* at 597, 300 S.E. 2d at 697, quoting *State v. Davis*, 58 N.C. App. 330, 333-34, 293 S.E. 2d 658, 661 (1982). In addition, this Court has articulated the following standard of review of a sentencing judge's balancing of aggravation and mitigating factors:

> The balance struck by the sentencing judge in weighing the aggravating against the mitigating factors, being a matter within his discretion, will not be disturbed unless it is 'manifestly unsupported by reason,' . . . or 'so arbitrary that it could not have been the result of a reasoned decision . . . .' We will not ordinarily disturb the trial judge's weighing of aggravating and mitigating factors. When, however, there is no rational basis for the manner in which the aggravating and mitigating factors were weighed by the sentencing judge, his decision will amount to an abuse of discretion.

*State v. Parker*, 315 N.C. 249, 258, 337 S.E. 2d 497, 502-03 (1985). (Citations omitted.)

The sentencing judge in this case did not abuse his discretion in balancing the aggravating and mitigating factors and in sentencing defendant to life imprisonment. Judge Burroughs found one aggravating factor, that the defendant had prior convictions for criminal offenses punishable by more than sixty days confinement. The record reflects that the defendant had been convicted of at least eight offenses which were punishable by confinement in excess of sixty days. In mitigation, Judge Burroughs found that the defendant was suffering from a mental condition which significantly reduced his culpability and that the relationship between the defendant and the victim was an extenuating circumstance. It was entirely reasonable for the sentencing judge in this case to find that the aggravating factor found, involving multiple convic-

tions, outweighed the factors found in mitigation. Thus, his decision to impose the maximum term of life imprisonment does not constitute an abuse of discretion.

[3] Defendant lastly contends that the trial judge erred in accepting his guilty plea in violation of N.C.G.S. § 15A-1022. Defendant argues first that the court failed to determine that he knowingly pled guilty to murder in the second degree and second that the court did not inquire whether he in fact was guilty of this offense.

We note first that the defendant in this case does not have an appeal as a matter of right to challenge the court's acceptance of his guilty plea. N.C.G.S. § 15A-1444(e) (1983) provides that:

> Except as provided in subsection (a1) of this section and G.S. 15A-979, and except when a motion to withdraw a plea of guilty or no contest has been denied, the defendant is not entitled to appellate review as a matter of right when he has entered a plea of guilty or no contest to a criminal charge in the superior court, but he may petition the appellate division for review by writ of certiorari. If an indigent defendant petitions the appellate division for a writ of certiorari, the presiding superior court judge may in his discretion order the preparation of the record and transcript of the proceedings at the expense of the State.

Subsection (a1) provides for appeals as a matter of right only to challenge the sufficiency of the evidence to support the sentence in certain limited situations. N.C.G.S. § 15A-979 deals with appeals from the denial of a motion to suppress evidence and therefore does not apply here. Similarly, defendant has made no motion to withdraw the plea. Thus, according to N.C.G.S. § 15A-1444 defendant is not entitled as a matter of right to appellate review of his contention that the trial court improperly accepted his guilty plea. Defendant may obtain appellate review of this issue only upon grant of a writ of certiorari. Because defendant in the instant case failed to petition this Court for a writ of certiorari, he is therefore not entitled to review of the issue.

Neither party to this appeal appears to have recognized the limited bases for appellate review of judgments entered upon

pleas of guilty. For this reason we nevertheless choose to review the merits of defendant's contention.

[4] Defendant's contention that the court did not determine that he knowingly pled guilty to murder in the second degree is based on the following colloquy at the hearing:

Q. Do you now personally plead guilty?

A. I plead guilty to killing Mary Blesavage.

Q. In the second degree murder classification, you plead guilty to—

A. I am pleading guilty to second degree murder. I stated that earlier. I'm saying I am pleading guilty now to killing Mary Blesavage. I am accepted [sic] a second degree because —I've already pled guilty to second degree.

MR. BLANCHARD: Your Honor, if I could interject at this time. We spent a great deal of time talking about it. He admits to the killing of the deceased but does not—he enters a plea of second degree murder to avoid the possibility of the death penalty. He pleads guilty to killing the lady; however, the main reason he's entering a plea to second degree and the sentencing hearing before your Honor, I believe your Honor will better understand at that time because he will take the stand at the sentencing hearing and explain to the Court how it happened.

Q. I see, but your Attorney's statement is correct that you're pleading guilty to second degree murder because of the risk of a possible death penalty?

A. No—YES.

Q. In the original case, I should say?

A. Yes, I understand, I didn't catch it.

We cannot agree with defendant's contention that the trial court failed to determine that he knowingly pled guilty to second degree murder. Defendant's response to the judge's questioning clearly indicates that the defendant admitted killing the victim and intended to plead guilty to murder in the second degree. The only ambiguity revealed in defendant's responses related to

whether his guilty plea was motivated by the risk of the death penalty and not whether he understood himself to have entered a plea of guilty to murder in the second degree. We must also reject defendant's contention that the court's acceptance of his plea was in error because the court failed to inquire whether he was in fact guilty. Nothing in N.C.G.S. § 15A-1022 requires the court to make such an inquiry. Further, the United States Supreme Court in *North Carolina v. Alford*, 400 U.S. 25, 37, 91 S.Ct. 160, 167, 27 L.Ed. 2d 162, 171 (1970), held that

> while most pleas of guilty consist of both a waiver of trial and an express admission of guilt, the latter element is not a constitutional requisite to the imposition of criminal penalty. An individual accused of crime may voluntarily, knowingly, and understandingly consent to the imposition of a prison sentence even if he is unwilling or unable to admit his participation in the acts constituting the crime.

Defendant's assignment of error is therefore meritless.

Affirmed.