STATE OF NORTH CAROLINA v. CHRISTOPHER ALLEN NANCE, DEFENDANT

No. COA02-380

(Filed 21 January 2003)

**Appeal and Error— appealability—guilty plea—habitual felon status—writ of certiorari**

The State's motion to dismiss defendant's appeal in an action where defendant purports to appeal from the judgment entered upon his guilty plea for various substantive drug charges as well as to the ancillary habitual felon charge is allowed and defendant's petition for writ of certiorari under N.C. R. App. P. 21(a)(1) is denied even though defendant claims that he did not knowingly and voluntarily plead guilty to having attained the status of habitual felon, because: (1) defendant has sought neither to withdraw his guilty plea nor to obtain any other relief by motion at the trial court; (2) defendant's claim is not one that he may raise on direct appeal under N.C.G.S. § 15A-1444(a)(1) or (a)(2); and (3) defendant has not lost his right to appeal through untimely action, is not attempting to appeal an interlocutory order, and is not seeking review of an order denying a motion for appropriate relief under N.C.G.S. § 15A-1422(c)(3).

Appeal by defendant from judgment entered 3 July 2001 by Judge Preston Cornelius in Iredell County Superior Court. Heard in the Court of Appeals 23 December 2002.

*Attorney General Roy Cooper, by Assistant Attorney General Christopher W. Brooks, for the State.*

*Noell P. Tin, for defendant-appellant.*

HUDSON, Judge.

Defendant was charged with some thirteen drug-related offenses after he sold controlled substances to a police informant during an undercover drug operation of the Iredell County Sheriff's Department. Based upon previous felony convictions, defendant was also charged with having attained the status of habitual felon. Defendant subsequently entered into a plea agreement whereby he agreed to plead guilty to all of the charges. In exchange, the charges against defendant would be consolidated into one judgment, and defendant would be sentenced as a level IV, Class C felon. The trial

court subsequently accepted defendant's guilty plea. In accordance with the plea agreement, the trial court entered a consolidated judgment on the plea, sentencing defendant to a presumptive term of 133 to 169 months' imprisonment. Defendant purports to appeal from the judgment entered upon his guilty plea. The State has moved to dismiss defendant's appeal, alleging that defendant does not have a right to appeal in this case. Defendant, alternatively, petitions this Court for writ of certiorari to review the court's judgment.

On the face of this record, it appears that petitioner pled guilty to the various substantive drug charges, as well as to the ancillary habitual felon charge. Just recently, in *State v. Dickson*, we explained that a defendant is not entitled to appellate review as a matter of right when he has entered a plea of guilty to a criminal charge in the superior court unless he is appealing sentencing issues or the denial of a motion to suppress. 151 N.C. App. 136, 137, 564 S.E.2d 640, 640 (2002); see also N.C. Gen. Stat. § 15A-1444(e) (2001)). Although N.C. Gen. Stat. § 15A-1444(e) does provide that such a defendant may petition the appellate division for review by writ of certiorari, this Court is limited to issuing the writ of certiorari:

in appropriate circumstances . . . to permit review of the judgments and orders of trial tribunals when the right to prosecute an appeal has been lost by failure to take timely action, or when no right of appeal from an interlocutory order exists, or for review pursuant to G.S. 15A-1422(c)(3) of an order of the trial court denying a motion for appropriate relief.

*Dickson*, 151 N.C. at 137-38, 564 S.E.2d at 640 (quoting N.C. R. App. P. 21(a)(1)). As the defendant in *Dickson* sought review of matters outside of G.S. § 15A-1444(a)(1) and (a)(2) and N.C. R. App. P. 21(a)(1), the Court dismissed his appeal and denied his petition for writ of certiorari. We act similarly here.

Defendant here seeks to bring forth a claim that he did not knowingly and voluntarily plead guilty to having attained the status of habitual felon. However, defendant has sought neither to withdraw his guilty plea, nor to obtain any other relief by motion in the superior court. Defendant's claim is not one that he may raise on direct appeal pursuant to G.S. § 15A-1444(a)(1) or (a)(2). Further, defendant has not lost his right of appeal through untimely action, nor is he attempting to appeal an interlocutory order or seeking review of an order denying a motion for appropriate relief under G.S. § 15A-1422(c)(3).

We conclude that defendant does not have a right to appeal the issue presented here under G.S. § 15A-1444(a)(1) or (a)(2), and that this Court is without authority under N.C. R. App. P. 21(a)(1) to issue a writ of certiorari. *See State v. Noles*, 12 N.C. App. 676, 678, 184 S.E.2d 409, 410 (1971) (describing the post-conviction motion for appropriate relief as "[t]he proper procedure which provides the defendant adequate opportunity for adjudication of claimed deprivations of constitutional rights"). Accordingly, the State's motion to dismiss defendant's appeal is allowed, and defendant's petition for writ of certiorari is denied. This decision is without prejudice to defendant's right to file a post-conviction motion for relief in the superior court, pursuant to Article 89 of the General Statutes, §§ 15A-1411-1422.

Appeal dismissed; petition for writ of certiorari denied.

Chief Judge EAGLES and Judge McCULLOUGH concur.