STATE OF NORTH CAROLINA v. CARL DUNCAN CARTER, JR., DEFENDANT

No. COA03-1353

(Filed 21 December 2004)

**1. Appeal and Error— guilty plea—certiorari—motion for appropriate relief**

The appeal of a defendant who had pled guilty was heard in the Court of Appeals even though it did not fall within the statutory categories for appeals after pleading guilty where defendant filed a petition for certiorari; certiorari was granted on the first assignment of error (whether the plea was voluntary), as may be done when a defendant challenges the procedure employed in accepting a guilty plea; and the second assignment of error (sentencing for both larceny and possession of the stolen property) was heard on the court's own motion for appropriate relief since the petition for certiorari was properly pending.

**2. Criminal Law— guilty plea—knowing and voluntary**

A guilty plea was knowing and voluntary where the transcript revealed a brief misunderstanding but no further indication of any lack of comprehension by defendant.

**3. Sentencing— breaking and entering and possession of stolen property—double sentence**

The trial court erred by sentencing defendant for both breaking and entering and for possession of stolen property.

Judge THORNBURG concurring in the result only.

**STATE v. CARTER**

[167 N.C. App. 582 (2004)]

Appeal by defendant from judgments entered 11 June 2003 by Judge Kevin Eddinger in Rowan County District Court. Heard in the Court of Appeals 10 June 2004.

*Attorney General Roy Cooper, by Assistant Attorney General Daniel P. O'Brien, for the State.*

*Leslie C. Rawls, for defendant-appellant.*

GEER, Judge.

On appeal, defendant Carl Duncan Carter, Jr. contends, citing *State v. Perry*, 305 N.C. 225, 287 S.E.2d 810 (1982), that the trial court should not have imposed sentences for both felony larceny of property and possession of that stolen property. We agree and, therefore, arrest judgment on the charge of possession of stolen goods or property. We otherwise affirm.

Defendant was charged in a single indictment with (1) breaking and/or entering a residence with the intent of committing felony larceny, (2) felony larceny of personal property valued at $1035.00, and (3) possession of stolen goods or property. Defendant pled guilty to all three counts in Rowan County District Court. At the hearing on defendant's guilty plea, the prosecutor offered the following unsworn summary by a lieutenant deputy as the factual basis for the charges:

> LIEUTENANT DEPUTY: Your Honor, we were called out to the residence the 23rd day of May, about 10:00 p.m. On our arrival to that residence, we talked to another co-defendant, which was Avery Bradley. He took us to the residence where all the stolen goods were at. All the stolen goods were recovered, all but one .22 calibre [sic] handgun. Arrested him at the time—which we've already done him; he's gone—and he give me the names of everybody else that was involved.

> Mr. Carter was confronted by the homeowners the last time they made entry to the residence. He took off on foot. After everybody cleared the scene, Mr. Carter and the female suspect had come back to the residence. They called, we come out there, they met us out there, we took Mr. Carter into custody and he wrote me, basically, a written statement, confessing that he had been in the residence and helped them take the items and store them over at the next-door-neighbor's house, next door to where the property was recovered.

The trial judge accepted defendant's plea and proceeded with sentencing. He found that defendant had 17 prior record points and, as a result, had a prior record level of V (five). He consolidated the charges of breaking and/or entering and felony larceny and imposed a sentence of 12 to 15 months. He then imposed a consecutive sentence of 12 to 15 months on the possession of stolen goods or property charge. Immediately after sentencing, defendant gave oral notice of appeal.

Defendant has made two assignments of error: (1) that the trial court failed to properly determine that defendant's guilty plea was made voluntarily, intelligently, and understandingly and (2) that the trial court, by sentencing him for both larceny of property and possession of that stolen property, violated *Perry*. The preliminary issue is whether this Court has the authority to hear defendant's appeal given that he entered a plea of guilty.

[1] "In North Carolina, a defendant's right to appeal in a criminal proceeding is purely a creation of state statute." *State v. Pimental*, 153 N.C. App. 69, 72, 568 S.E.2d 867, 869, *disc. review denied*, 356 N.C. 442, 573 S.E.2d 163 (2002). Under N.C. Gen. Stat. § 15A-1444 (2003), a defendant who has pled guilty has only the right to appeal the following issues: (1) whether the sentence is supported by the evidence (if the minimum term of imprisonment does not fall within the presumptive range); (2) whether the sentence results from an incorrect finding of the defendant's prior record level under N.C. Gen. Stat. § 15A-1340.14 or the defendant's prior conviction level under N.C. Gen. Stat. § 15A-1340.21; (3) whether the sentence constitutes a type of sentence not authorized by N.C. Gen. Stat. § 15A-1340.17 or § 15A-1340.23 for the defendant's class of offense and prior record or conviction level; (4) whether the trial court improperly denied the defendant's motion to suppress; and (5) whether the trial court improperly denied the defendant's motion to withdraw his guilty plea. *State v. Jamerson*, 161 N.C. App. 527, 528-29, 588 S.E.2d 545, 546-47 (2003). Defendant's appeal in this case does not fall within any of these categories.

Recognizing this fact, defendant filed a petition for writ of certiorari on 8 December 2003. The State contends that this Court, under Rule 21 of the Rules of Appellate Procedure, does not have authority to review defendant's arguments pursuant to a grant of certiorari. *See Pimental*, 153 N.C. App. at 77, 568 S.E.2d at 872 (when defendant did not fail to take timely action, is not attempting to appeal from an interlocutory order, and is not seeking review of a denial of a motion

for appropriate relief, "this Court does not have the authority to issue a writ of certiorari"). This Court, however, held in *State v. Rhodes*, 163 N.C. App. 191, 193, 592 S.E.2d 731, 732 (2004), following *State v. Bolinger*, 320 N.C. 596, 602-03, 359 S.E.2d 459, 462 (1987), that a defendant may petition for writ of certiorari when he is challenging the procedures employed in accepting a guilty plea. Defendant is, therefore, entitled to petition for writ of certiorari for review of his first assignment of error. In our discretion, we allow defendant's petition to the extent that it seeks review of defendant's first assignment of error. *See also State v. Barnett*, 113 N.C. App. 69, 76, 437 S.E.2d 711, 715 (1993) (allowing petition for writ of certiorari to challenge the trial court's acceptance of his guilty pleas; also reversing sentence under *Perry*).

With respect to defendant's second assignment of error, since a petition for writ of certiorari is properly pending before this Court, we may consider defendant's arguments through a motion for appropriate relief. *Jamerson*, 161 N.C. App. at 530, 588 S.E.2d at 547 (noting that appellate courts may rule on a motion for appropriate relief "only when the defendant has either an appeal of right or a properly pending petition for writ of certiorari"). Although defendant has not filed a motion for appropriate relief with this Court, we may treat his petition for writ of certiorari as such a motion or we may grant the relief on our own motion. *See* N.C. Gen. Stat. § 15A-1420(d) (2003) ("At any time that a defendant would be entitled to relief by motion for appropriate relief, the court may grant such relief upon its own motion."). *See also State v. Jones*, 161 N.C. App. 60, 64 n.1, 588 S.E.2d 5, 9 n.1 (2003) ("[S]ince defendant has an appeal of his motion to suppress properly pending, this Court could address the jurisdictional defect on its own motion for appropriate relief."), *rev'd on other grounds*, 358 N.C. 473, 598 S.E.2d 125 (2004). We choose to address defendant's second assignment of error upon our own motion for appropriate relief.

[2] As for defendant's challenge to the procedures in accepting his guilty plea, a court may accept a guilty plea only if it is made knowingly and voluntarily. *State v. Russell*, 153 N.C. App. 508, 511, 570 S.E.2d 245, 248 (2002). Here, the trial court conducted the inquiry set out in N.C. Gen. Stat. § 15A-1022 (2003), and defendant subsequently signed a transcript of plea under oath, stating that he was entering into the plea of his own free will, fully understanding what he was doing. This Court has previously held that "if the defendant signed a Transcript of Plea and the record reveals the trial court made 'a care-

ful inquiry' of the defendant, it is sufficient to show the defendant's plea was knowingly and voluntarily made, with full awareness of the direct consequences." *Russell*, 153 N.C. App. at 511, 570 S.E.2d at 248 (quoting *State v. Wilkins*, 131 N.C. App. 220, 224, 506 S.E.2d 274, 277 (1998)). Defendant points to a single portion of the transcript as suggesting that defendant "had trouble following the judge's inquiries." The transcript, however, reveals only a brief misunderstanding and contains no further indication of any lack of comprehension by defendant. We, therefore, affirm the trial court's acceptance of the guilty plea.

[3] As for defendant's second assignment of error, the trial court sentenced defendant to two consecutive sentences: (1) 12 to 15 months for the consolidated charges of breaking and/or entering and felony larceny; and (2) 12 to 15 months for possession of stolen property. *State v. Perry*, 305 N.C. 225, 236-37, 287 S.E.2d 810, 817 (1982) precludes this double sentence: "[W]e hold that, though a defendant may be indicted and tried on charges of larceny, receiving, and possession of the same property, he may be convicted of only one of those offenses." *See also State v. Owens*, 160 N.C. App. 494, 498-99, 586 S.E.2d 519, 522-23 (2003) (although defendant did not raise the issue on appeal, the Court, exercising discretion under N.C.R. App. P. 2, ordered judgment arrested as to possession and remanded for resentencing on larceny conviction); *State v. Hargett*, 157 N.C. App. 90, 92, 577 S.E.2d 703, 705 (2003) (after holding that N.C.R. App. P. 10(b) does not apply to errors in sentencing, court arrested judgment as to possession charge and remanded for a new sentencing hearing).

Based on *Perry*, we arrest judgment on the charge of possession of stolen goods or property. Because that charge was not consolidated with any others, there is no need to remand for resentencing.

No. 03 CR 54017, Count 1, Breaking and or Entering—Affirmed.

No. 03 CR 54017, Count 2, Felony Larceny—Affirmed.

No. 03 CR 54017, Count 3, Possession of Stolen Goods/Property—Judgment arrested.

Judge HUDSON concurs.

Judge THORNBURG concurs in result only.

THORNBURG, Judge, concurring in the result only.

Although I concur in the result ultimately reached by the majority, I cannot agree with the majority's reasoning for granting defendant's petition for writ of certiorari. Defendant's appeal is not based on any of the six errors for which N.C. Gen. Stat. § 15A-1444 allows an appeal as a matter of right to defendants who plead guilty. Nor does defendant's appeal, or petition for writ of certiorari, fall into one of the three situations in which we are allowed to grant certiorari under N.C. R. App. P. 21. In the vast majority of cases with similar facts, this Court has refused to grant a writ of certiorari and dismissed the appeal. *See State v. Jamerson,* 161 N.C. App. 527, 588 S.E.2d 545 (2003); *State v. Nance,* 155 N.C. App. 773, 574 S.E.2d 692 (2003); *State v. Pimental,* 153 N.C. App. 69, 568 S.E.2d 867, *disc. review denied,* 356 N.C. 442, 573 S.E.2d 163 (2002); *State v. Dickson,* 151 N.C. App. 136, 564 S.E.2d 640 (2002).

Here, the majority relies on *State v. Rhodes,* 163 N.C. App. 191, 592 S.E.2d 731 (2004), for authority to grant a writ of certiorari to address defendant's argument that the trial court failed to properly determine whether defendant's guilty plea was made voluntarily, intelligently and understandingly. In *Rhodes,* this Court relied upon the Official Commentary to Article 58, N.C. Gen. Stat. § 15A-1021 *et seq.* (2003), and *State v. Bolinger,* 320 N.C. 596, 359 S.E.2d 459 (1987), to conclude that defendants may petition this Court for review pursuant to a petition for writ of certiorari during the appeal period to claim that the procedural requirements of Article 58 were violated. *Rhodes,* 163 N.C. App. at 194, 592 S.E.2d at 733. However, the Supreme Court in *Bolinger* did not address the applicability of N.C. R. App. P. 21. The Court, after concluding that the defendant was not entitled as a matter of right to appellate review of his contention that the trial court improperly accepted his plea and that the defendant failed to petition the Court for a writ of certiorari, stated: "Neither party to this appeal appears to have recognized the limited bases for appellate review of judgments entered upon pleas of guilty. For this reason we nevertheless choose to review the merits of defendant's contentions." *Bolinger,* 320 N.C. at 601-02, 359 S.E.2d at 462. Thus, it does not appear that the Court in *Bolinger* intended to sanction a general exception to our appellate rules.

However, I agree with the majority that the acceptance of defendant's guilty plea was without error and that defendant was sentenced in violation of *State v. Perry,* 305 N.C. 225, 287 S.E.2d 810 (1982). As defendant was clearly sentenced in violation of *Perry,* I believe it

would be an appropriate exercise of this Court's discretion under N.C. R. App. P. 2 to suspend the appellate rules and grant defendant's petition for writ of certiorari in order to review the sentencing issue. Thus, I concur in the result only.