STATE OF NORTH CAROLINA
v.
RONNIE EARL CHASTAINE.
No. COA06-799
Court of Appeals of North Carolina.
Filed February 6, 2007
This case not for publication
Attorney General Roy Cooper, by Assistant Attorney General Patrick S. Wooten, for the State.
Don Willey for defendant-appellant.
MARTIN, Chief Judge.
Defendant Ronnie Earl Chastaine was indicted on two counts of trafficking opiates by sale, two counts of trafficking opiates by delivery, one count of trafficking opiates by manufacture, two counts of trafficking opiates by possession, and two counts of trafficking opiates by transportation, selling xanax (alprazolam), possession with intent to manufacture, sell and deliver oxycodone, and possession with intent to manufacture, sell and deliver xanax (alprazolam).
On 16 September 2003, defendant entered an Alford plea to two counts of attempt to traffic in opiates by sale, two counts of attempt to traffic in opiates by delivery, two counts of attempt to traffic in opiates by transportation, two counts of attempt to traffic in opiates by possession, one count of attempt to traffic in opiates by manufacturing, possession with intent to sell and deliver a Schedule II controlled substance, possession with intent to sell and deliver a Schedule IV controlled substance, and sale of a Schedule IV controlled substance. The trial court sentenced defendant to: (1) a term of 19 to 23 months imprisonment in 01 CRS 67029 for attempt to traffic in opiates by sale; (2) a consecutive term of 19 to 23 months imprisonment in 02 CRS 4721 for attempt to traffic in opiates by sale; (3) a consecutive term of 19 months to 23 months imprisonment in 01 CRS 67031 for attempt to traffic in opiates by transportation; and (4) a consecutive term of 19 to 23 months for the remaining nine offenses which were consolidated under 01 CRS 67032.
On 23 November 2005, defendant filed a petition for writ of certiorari with this Court. Defendant argued that: (1) the trial court erred in sentencing him because there is no offense of attempting to traffic in North Carolina, (2) the trial court erred in determining his class of offense for the attempting to traffic offenses; (3) the trial court erred in sentencing him to consecutive terms of imprisonment under his guilty plea agreement; and (4) his multiple sentences violated his due process rights. On 8 December 2005, this Court allowed the petition and granted defendant a belated appeal.
Defendant's sole argument on appeal is that the trial court sentenced him to a term of imprisonment unauthorized by the plea agreement. The plea agreement states that "the trafficking charges are reduced to attempt to traffic." Defendant claims that, pursuant to the plain language of the agreement, that all the trafficking charges were to be reduced to one count of attempt to traffic. However, we decline to review defendant's argument.
When this Court granted defendant's petition for writ of certiorari, it limited his right to appeal to "those issues upon which defendant had a right to direct appeal under N.C. Gen. Stat. § 15A-1444(a2)(2003)." Pursuant to N.C. Gen. Stat. § 15A-1444, a defendant who has pled guilty or no contest may appeal only the following issues:
(1) whether the sentence is supported by the evidence (if the minimum term of imprisonment does not fall within the presumptive range); (2) whether the sentence results from an incorrect finding of the defendant's prior record level under N.C. Gen. Stat. § 15A-1340.14 or the defendant's prior conviction level under N.C. Gen. Stat. § 15A-1340.21; (3) whether the sentence constitutes a type of sentence not authorized by N.C. Gen. Stat. § 15A-1340.17 or § 15A-1340.23 for the defendant's class of offense and prior record or conviction level; (4) whether the trial court improperly denied the defendant's motion to suppress; and (5) whether the trial court improperly denied the defendant's motion to withdraw his guilty plea.
State v. Carter, 167 N.C. App. 582, 584, 605 S.E.2d 676, 678 (2004) (citation omitted). The issue raised by defendant does not fall into any of these categories. Thus, we lack jurisdiction to review the issue raised by defendant on appeal. Accordingly, defendant's appeal is dismissed.
Dismissed.
Judges McGEE and HUNTER concur.
Report per Rule 30(e).