STATE OF NORTH CAROLINA
v.
RAYMOND EUGENE PACE.
No. COA07-1531
Court of Appeals of North Carolina
Filed July 15, 2008
This case not for publication
Attorney General Roy Cooper, by Assistant Attorney General Christopher H. Wilson, for the State.
Sofie W. Hosford, for defendant-appellant.
CALABRIA, Judge.
Raymond Eugene Pace ("defendant") appeals a judgment for one count of felonious possession of stolen goods, three counts of obtaining property by false pretenses and attaining the status of a habitual felon. We dismiss defendant's appeal.
On 10 September 2007 in Henderson County Superior Court defendant pled guilty to one count of felonious possession of stolen goods and three counts of obtaining property by false pretenses. Defendant also admitted to attaining the status of a habitual felon. Pursuant to the terms of the plea agreement, the Honorable Dennis J. Winner consolidated all of the offenses for judgment and sentenced defendant to 120 to 153 months in the North Carolina Department of Correction. Defendant appealed. Both arguments in defendant's brief challenge the plea proceedings.
"In North Carolina, a defendant's right to appeal in a criminal proceeding is purely a creation of state statute." State v. Carter, 167 N.C. App. 582, 584, 605 S.E.2d 676, 678 (2004) (citation omitted). Under N.C. Gen. Stat. § 15A-1444 (2007), a defendant who has pled guilty has the right to appeal only the following issues:
(1) whether the sentence is supported by the evidence (if the minimum term of imprisonment does not fall within the presumptive range); (2) whether the sentence results from an incorrect finding of the defendant's prior record level under N.C. Gen. Stat. § 15A-1340.14 or the defendant's prior conviction level under N.C. Gen. Stat. § 15A-1340.21;
(3) whether the sentence constitutes a type of sentence not authorized by N.C. Gen. Stat. § 15A-1340.17 or § 15A-1340.23 for the defendant's class of offense and prior record or conviction level;
(4) whether the trial court improperly denied the defendant's motion to suppress; and
(5) whether the trial court improperly denied the defendant's motion to withdraw his guilty plea.
Id. (citations omitted).
In this case, defendant's appeal does not fall within any of these categories. Therefore, defendant has no right to challenge the plea proceedings on direct appeal after pleading guilty; the only appellate review possible is by writ of certiorari. Id.
Anticipating this Court may determine that defendant does not have a right of appeal, defendant asks this Court to treat the record and his brief as a petition for writ of certiorari. After examining the record and defendant's arguments, we decline in our discretion to issue the writ.
Dismissed.
Chief Judge MARTIN and Judge STROUD concur.
Report per Rule 30(e).