IN THE COURT OF APPEALS OF NORTH CAROLINA

 No. COA15-414

 Filed: 3 November 2015

Rowan County, No. 13 CRS 50063

STATE OF NORTH CAROLINA

 v.

DONNA HELMS LEDBETTER

 Appeal by defendant from judgment entered 27 October 2014 by Judge Jeffrey

P. Hunt in Rowan County Superior Court. Heard in the Court of Appeals 8 October

2015.

 Attorney General Roy Cooper, by Assistant Attorney General Ashleigh P.
 Dunston, for the State.

 Meghan A. Jones, for defendant-appellant.

 TYSON, Judge.

 Donna Helms Ledbetter (“Defendant”) appeals from judgment entered after

she pleaded guilty to driving while impaired. Defendant does not have a statutory

right to appeal the issue she raised. Rule 21 of the North Carolina Rules of Appellate

Procedure does not set forth the grounds Defendant asserts to issue the requested

writ. We decline to suspend the Rules of Appellate Procedure to exercise our

jurisdiction under N.C. Gen. Stat. § 1444(e) to issue the writ. We deny Defendant’s

petition for writ of certiorari and dismiss the appeal.
 STATE V. LEDBETTER

 Opinion of the Court

 I. Background

 Around 7:30 p.m. on 1 January 2013, Rowan County Sheriff’s Deputy Daniel

Myers (“Deputy Myers”) was called to the Enochville Food Center in Kannapolis,

North Carolina. Upon arrival, Deputy Myers observed Defendant seated behind the

wheel of the car, “slumped over,” and apparently unconscious. The keys were in the

ignition. Deputy Myers knocked on the window and instructed Defendant to exit the

vehicle. Deputy Myers never observed Defendant drive the vehicle.

 Deputy Myers conducted three separate field sobriety tests on Defendant: (1)

the Horizontal Gaze Nystagmus test (HGN test); (2) the one-leg stand test; and (3)

the walk-and-turn test. During the HGN test, Deputy Myers had to remind

Defendant to keep her head still several times. The HGN test revealed five out of six

indicators for impairment. During the one-leg stand test, Deputy Myers had to twice

tell Defendant to not start before being told to do so, and to keep her hands by her

side.

 During the walk-and-turn test, Defendant lost her balance a couple of times,

used her arms to balance repeatedly, and missed the heel-to-toe twice. Defendant

made a 560-degree turn, rather than a 360-degree turn, and proceeded to walk

backwards towards Deputy Myers. Deputy Myers administered an Alco-Sensor

portable breath test to Defendant, which registered a negative reading for alcohol.

 -2-
 STATE V. LEDBETTER

 Opinion of the Court

 Defendant admitted she had taken Xanax and Oxymorphone about an hour

prior to her encounter with Deputy Myers. Based upon his interactions with

Defendant, Deputy Myers concluded Defendant was appreciably impaired and placed

her under arrest for driving while impaired.

 Defendant was transported to the Rowan Regional Medical Center for a blood

test. Following the blood test, Defendant was transported to the Rowan County

Magistrate’s Office, where she appeared before Magistrate Todd Wyrick (“Magistrate

Wyrick”). After speaking with Deputy Myers, Magistrate Wyrick found probable

cause to believe Defendant was a danger to herself or others.

 The detention order contains a findings of fact section, where the magistrate

enters why Defendant posed a danger to herself or others. Magistrate Wyrick simply

typed “BLOOD TEST” in this section. Magistrate Wyrick found probable cause to

detain Defendant as an impaired driver.

 The detention order required Defendant remain in custody for a 12-hour period

or until released into the custody of a sober adult. Magistrate Wyrick failed to

instruct Defendant to fill out an “implied consent offense notice” form (“Form AOC-

271”), which advises a defendant of her right to have “other persons appear at the jail

to observe [her] condition.”

 After her appearance before Magistrate Wyrick, Defendant was transported to

the Rowan County Jail. Defendant used a phone at the jail to call several friends and

 -3-
 STATE V. LEDBETTER

 Opinion of the Court

acquaintances and asked them to come to the jail to allow her to be released into their

custody. Defendant was released into the custody of Kenneth Paxton at 12:24 a.m.

on 2 January 2013.

 Defendant filed a motion to dismiss the charges on 23 December 2013. She

argued the State violated N.C. Gen. Stat. § 20-38.4 and State v. Knoll, 322 N.C. 535,

369 S.E.2d 558 (1988), when Magistrate Wyrick: (1) failed to provide sufficient

findings of fact to show Defendant was a danger to herself and others; and (2) failed

to provide Defendant a copy of Form AOC-271 advising of her right to have witnesses

observe her demeanor at the jail. The trial court denied Defendant’s motion on 20

October 2014.

 Following the court’s denial of her motion, Defendant entered a plea of guilty.

The plea arrangement states “[Defendant] expressly retains the right to appeal the

Court’s denial of her motion to dismiss/suppress her Driving While Impaired charge

in this case and her plea of guilty is conditioned based on her right to appeal that

decision[.]” Defendant appeals.

 II. Issue

 Defendant asserts the trial court erred in denying her motion to dismiss. She

argues a substantial violation occurred during the crucial period in which she could

have gathered witnesses on her behalf and she was deprived of her statutory and

constitutional rights of access to witnesses.

 -4-
 STATE V. LEDBETTER

 Opinion of the Court

 III. Right to Appeal

 The State filed a motion to dismiss Defendant’s appeal. It argues Defendant

has no statutory right to appeal the trial court’s denial of her motion to dismiss when

a plea of guilty has been entered. We agree.

 A defendant’s right to appeal in a criminal proceeding in North Carolina “is

purely a creation of state statute.” State v. Pimental, 153 N.C. App. 69, 72, 568 S.E.2d

867, 869, disc. rev. denied, 356 N.C. 442, 573 S.E.2d 163 (2002) (citations omitted);

N.C. Gen. Stat. § 15A-1444 (2013). Absent express statutory authority, a criminal

defendant does not have a state right to appeal from a judgment entered upon her

conviction under N.C. Gen. Stat. § 15A-1444. Id.; see also State v. Ahern, 307 N.C.

584, 605, 300 S.E.2d 689, 702 (1989) (quoting N.C. Gen. Stat. § 15A-1444(e)) (noting

that except as provided in N.C. Gen. Stat. §§ 15A-1444 and 15A-979, a defendant has

no right of appeal from the entry of a guilty plea). No federal constitutional right

obligates state courts to hear appeals in criminal proceedings. E.g., Abney v. United

States, 431 U.S. 651, 656, 52 L. Ed. 2d 651, 657 (1977).

 A. N.C. Gen. Stat. §§ 15A-1444 and 15A-979(b)

 The circumstances under which a defendant may appeal a guilty plea and

conviction are found in N.C. Gen. Stat. §§ 15A-1444 and 15A-979(b). A defendant

who has pleaded guilty to a misdemeanor, as here, is entitled to appeal as a matter

of right whether the sentence imposed:

 -5-
 STATE V. LEDBETTER

 Opinion of the Court

 (1) Results from an incorrect finding of the defendant’s
 prior record level under G.S. 15A-1340.14 or the
 defendant’s prior conviction level under G.S. 15A-1340.21;

 (2) Contains a type of sentence disposition that is not
 authorized by G.S. 15A-1340.17 or G.S. 15A-1340.23 for the
 defendant’s class of offense and prior record or conviction
 level; or

 (3) Contains a term of imprisonment that is for a duration
 not authorized by G.S. 15A-1340.17 or G.S. 15A-1340.23 for
 the defendant’s class of offense and prior record or
 conviction level.

N.C. Gen. Stat. § 15A-1444(a2) (2013).

 Defendant attempts to appeal as a matter of right from an order denying her

motion to dismiss prior to her guilty plea. This issue is not listed as one of the grounds

for appeal of right set forth in N.C. Gen. Stat. § 15A-1444. Defendant contends that

an appeal of right is proper pursuant to N.C. Gen. Stat. § 15A-979(b), which provides:

 An order finally denying a motion to suppress evidence may
 be reviewed upon an appeal from a judgment of conviction,
 including a judgment entered upon a plea of guilty.

N.C. Gen. Stat. § 15A-979(b) (2013) (emphasis supplied). We disagree.

 In this case, Defendant filed a “MOTION TO DISMISS DWI CHARGE.” In

her motion to dismiss, Defendant stated “pursuant to N.C. Gen. Stat. § 15A-954,

[Defendant] moves the Court for an Order dismissing” the charge of DWI.

 While the trial court’s order denying Defendant’s motion was styled “order on

motion to suppress Defendant’s DWI Charge,” and Defendant’s transcript of plea

purported to reserve a right to appeal the Court’s denial of her “motion to

 -6-
 STATE V. LEDBETTER

 Opinion of the Court

dismiss/suppress,” a review of the record and the transcripts of Defendant’s motion

hearing and plea hearing reveals the only motion filed by Defendant was the motion

to dismiss. Defendant’s motion specifically cited N.C. Gen. Stat. § 15A-954, North

Carolina’s motion to dismiss statute. Defendant did not file a motion to suppress and

has no right of appeal after denial of her motion to dismiss and entering a plea of

guilty. N.C. Gen. Stat. §§ 15A-1444 and 15A-979(b).

 The facts of this case are substantially similar to the circumstances presented

in State v. Rinehart, 195 N.C. App 774, 673 S.E.2d 769 (2009). In Rinehart, the

defendant made two pre-trial motions to dismiss. 195 N.C. App at 775, 673 S.E.2d at

770. Both were denied. Id. Following the denial of the motions to dismiss, the

defendant entered a plea of guilty, while reserving the right to appeal the denial of

his motions to dismiss. Id. On appeal, the defendant argued the trial court erred in

denying his motions to dismiss. Id.

 Our Court held the defendant did not have a right to appeal from a denial of

his motions to dismiss after his plea of guilty was entered. See id. at 776, 673 S.E.2d

at 770-71; see also id. at 776 n.1, 673 S.E.2d at 771 n.1. The holding in Rinehart was

later characterized, in relevant part, as follows:

 The defendant in Rinehart appealed only from motions to
 dismiss; he did not additionally attempt to appeal from any
 order for which an appeal of right existed. Since the
 Rinehart defendant did not attempt to appeal from any
 order for which an appeal of right existed, his appeal was
 appropriately dismissed.

 -7-
 STATE V. LEDBETTER

 Opinion of the Court

State v. White, 213 N.C. App. 181, 185-86, 711 S.E.2d 862, 865 (2011).

 B. State v. Chavez and State v. Labinski

 Our Court has long held a defendant is limited to a right to appeal from a

judgment entered following a guilty plea as prescribed in N.C. Gen. Stat. §§ 15A-1444

and 15A-979(b). See, e.g., State v. Carter, 167 N.C. App. 582, 584, 605 S.E.2d 676, 678

(2004); State v. Jeffery, 167 N.C. App 575, 578, 605 S.E.2d 672, 674 (2004); State v.

Jamerson, 161 N.C. App. 527, 528-29, 588 S.E.2d 545, 546-47 (2003).

 Defendant argues the State’s motion to dismiss her appeal should be denied.

She cites two cases in which this Court reviewed the trial court’s denial of a

defendant’s motion to dismiss based on a Knoll violation following a plea of guilty.

See State v. Chavez, ___ N.C. App. ___, 767 S.E.2d 581 (2014); State v. Labinski, 188

N.C. App. 120, 654 S.E.2d 740 (2008). The Court in both the Chavez and Labinski

cases reached the merits of the respective defendant’s appeals without any discussion

of, or citation to, N.C. Gen. Stat. §§ 15A-1444, 15A-979(b), or our precedents in Carter,

Jeffery, or Jamerson.

 We are bound by the decisions of our Supreme Court and by prior decisions of

another panel of our Court addressing the same question, unless overturned by an

intervening decision from a higher court. In re Civil Penalty, 324 N.C. 373, 384, 379

S.E.2d 30, 37 (1989). Where apparent inconsistency exists between precedents of this

 -8-
 STATE V. LEDBETTER

 Opinion of the Court

Court, the oldest controlling case prevails. State v. Harris, ___ N.C. App. ___, ___, 776

S.E.2d 554, 556 (2015).

 We are required to follow longstanding precedents, which hold a defendant’s

right to appeal from a judgment following a plea of guilty is limited to the grounds

enumerated in N.C. Gen. Stat. §§ 15A-1444 and 15A-979(b). Carter, 167 N.C. App. at

584, 605 S.E.2d at 678; Jeffery, 167 N.C. App at 578, 605 S.E.2d at 674; Jamerson,

161 N.C. App. at 528-29, 588 S.E.2d at 546-47. Under these facts, Defendant does

not have a statutory right to appeal from the trial court’s denial of her motion to

dismiss followed by a plea of guilty. Defendant’s appeal is dismissed.

 IV. Writ of Certiorari

 Defendant petitioned this Court for a writ of certiorari to review the trial

court’s denial of her motion to dismiss. Defendant contends this Court has authority

to issue the writ of certiorari pursuant to N.C. R. App. P. 21 and N.C. Gen. Stat. §

15A-1444(e). The Rules of Appellate Procedure do not allow us to issue the requested

writ under these facts. We decline to invoke Appellate Rule 2 to suspend Appellate

Rule 21 to exercise our discretion pursuant to N.C. Gen. Stat. § 15A-1444(e) to grant

the writ.

 Although N.C. Gen. Stat. § 15A-1444(e) states a defendant who pleads guilty

to a criminal offense “may petition the appellate division for review by writ of

certiorari,” this Court’s authority to issue writs of certiorari is circumscribed by the

 -9-
 STATE V. LEDBETTER

 Opinion of the Court

North Carolina Rules of Appellate Procedure. Appellate Rule 21(a)(1) limits the

Court’s ability to grant petitions for writ of certiorari to the following situations: (1)

“when the right to prosecute an appeal has been lost by failure to take timely action;”

(2) “when no right of appeal from an interlocutory order exists;” or (3) to “review

pursuant to [N.C. Gen. Stat.] § 15A-1422(c)(3) of an order of the trial court ruling on

a motion for appropriate relief.” N.C. R. App. P. 21(a)(1) (2015); see State v. Stubbs,

___ N.C. ___, ___, 770 S.E.2d 74, 76 (2015) (noting a writ of certiorari is appropriate

to review the State’s appeal of a trial court’s grant of the defendant’s motion for

appropriate relief pursuant to N.C. Gen. Stat. § 15A-1422(c)(3)). Here, Defendant’s

petition under N.C. Gen. Stat. § 15A-1444(e) does not invoke any of the three grounds

set forth in Appellate Rule 21 to enable this Court to issue the writ under this rule.

N.C. R. App. P. 21(a)(1).

 “In considering [A]ppellate Rule 21 and N.C. Gen. Stat. § 15A-1444, this Court

has reasoned that since the appellate rules prevail over conflicting statutes, we are

without authority to issue a writ of certiorari except as provided in [Appellate] Rule

21.” State v. Smith, 193 N.C. App. 739, 742, 668 S.E.2d 612, 614 (2008); see also State

v. Nance, 155 N.C. App. 773, 774, 574 S.E.2d 692, 693 (2003); Pimental, 153 N.C. App.

at 73-74, 568 S.E.2d at 870; State v. Dickson, 151 N.C. App. 136, 137-38, 564 S.E.2d

640, 640-41 (2002).

 - 10 -
 STATE V. LEDBETTER

 Opinion of the Court

 These holdings are rooted in precedents from our Supreme Court. See State v.

Bennett, 308 N.C. 530, 535, 302 S.E.2d 786, 790 (1983) (noting because rules of

practice and procedure are “promulgated by the Supreme Court pursuant to its

exclusive authority under the Constitution of North Carolina, Article IV, Section

13(2),” where a statute is in conflict with an appellate rule, “the statute must fail.”);

see also State v. Oglesby, 361 N.C. 550, 554, 648 S.E.2d 819, 821 (2007) (striking down

Rule of Evidence 103(a)(2) “to the extent it conflicts with Rule of Appellate Procedure

10(b)(1)”).

 A. Suspension of Rule 21(a)(1)

 Precedents from our Supreme Court and this Court issued a writ of certiorari

in circumstances not set forth by Appellate Rule 21(a)(1). See Ahern, 307 N.C. at 605,

300 S.E.2d at 702; State v. Bolinger, 320 N.C. 596, 601-02, 359 S.E.2d 459, 462 (1987);

State v. O’Neal, 116 N.C. App. 390, 394-95, 448 S.E.2d 306, 310, disc. rev. denied, 338

N.C. 522, 452 S.E.2d 821 (1994); see also State v. Demaio, 216 N.C. App. 558, 563-64,

716 S.E.2d 863, 866-67 (2011); State v. Blount, 209 N.C. App. 340, 345, 703 S.E.2d

921, 925 (2011); State v. Keller, 198 N.C. App. 639, 641-42, 680 S.E.2d 212, 213-14

(2009); State v. Carriker, 180 N.C. App. 470, 471, 637 S.E.2d 557, 558 (2006); State v.

Carter, 167 N.C. App. 582, 585, 605 S.E.2d 676, 678 (2004); State v. Rhodes, 163 N.C.

App. 191, 193-94, 592 S.E.2d 731, 732-33 (2004).

 - 11 -
 STATE V. LEDBETTER

 Opinion of the Court

 In Ahearn, the defendant pleaded guilty to felonious child abuse and voluntary

manslaughter and filed an appeal. Ahearn, 307 N.C. at 601, 300 S.E.2d at 699.

Ahearn argued no factual basis was shown to support his plea of guilty to felonious

child abuse. Id. at 605, 300 S.E.2d at 702.

 Our Supreme Court cited N.C. Gen. Stat. § 15A-1444(e), and recognized a

defendant who has pleaded guilty has no right of appeal, except as provided in N.C.

Gen. Stat. §§ 15A-1444 and 15A-979. Id. Defendant’s argument was not a ground

enumerated in either N.C. Gen. Stat. §§ 15A-1444 or 15A-979. Id. The Court

reasoned “if we are to consider this assignment of error, we must treat it as a petition

for writ of certiorari, which we do.” Id.

 The Court then reviewed the merits of the defendant’s argument through a

writ of certiorari. Id. at 605-07, 300 S.E.2d at 702-03. The Supreme Court in Ahearn

did not cite nor discuss Appellate Rule 21. See id. at 593-608, 300 S.E.2d at 695-704.

 In Bolinger, the defendant contended the trial judge violated N.C. Gen. Stat. §

15A-1022 by accepting his guilty plea. Bolinger, 320 N.C. at 601, 359 S.E.2d at 462.

Our Supreme Court held “defendant is not entitled as a matter of right to appellate

review of his contention that the trial court improperly accepted his guilty plea.” Id.

The Court further held that “[d]efendant may obtain appellate review of this issue

only upon grant of a writ of certiorari.” Id. Defendant Bolinger failed to petition the

 - 12 -
 STATE V. LEDBETTER

 Opinion of the Court

Court for a writ of certiorari, and the Court nonetheless elected to review the merits

of the defendant’s argument. Id. at 601-02, 359 S.E.2d at 462.

 Our Supreme Court did not cite nor address Appellate Rule 21 in either Ahern

or Bolinger. The Court stated: “Neither party to this appeal appears to have

recognized the limited bases for appellate review of judgments entered upon pleas of

guilty. For this reason we nevertheless choose to review the merits of defendant’s

contention.” Id. In cases which precede Bolinger, our Supreme Court has specifically

stated where a conflict exists between the General Statutes and the Appellate Rules,

the Appellate Rules control. Bennett, 308 N.C. at 535, 302 S.E.2d at 790; State v.

Elam, 302 N.C. 157, 160-61, 273 S.E.2d 661, 664 (1981).

 In O’Neal, defendant pleaded guilty to second-degree murder and received a

life sentence. O’Neal, 116 N.C. App. at 391, 448 S.E.2d at 308. Defendant argued,

inter alia, the trial court erred in denying his pretrial motion for further mental

evaluation. Id. at 394, 448 S.E.2d at 310. This Court in O’Neal stated: “[g]enerally, a

defendant who has entered a plea of guilty to a felony is not entitled to appellate

review as a matter of right.” Id. at 394-95, 448 S.E.2d at 310 (citing Ahearn, 307 N.C.

at 605, 300 S.E.2d at 702; N.C. Gen. Stat. § 15A-1444).

 After recognizing defendant did not have a right to appeal the issue he argued,

the Court stated defendant “may petition the appellate division for review by writ of

 - 13 -
 STATE V. LEDBETTER

 Opinion of the Court

certiorari.” Id. at 395, 448 S.E.2d at 310 (quoting N.C. Gen. Stat. § 15A-1444(e)). The

Court stated:

 [I]n the present case where defendant pled guilty, we may
 not consider this assignment of error unless we treat his
 appeal as a writ of certiorari with respect to this
 assignment of error. Given the life sentence imposed upon
 defendant, we elect to treat the appeal as a petition for a
 writ of certiorari.

Id. This Court issued the writ of certiorari and reviewed the merits of the defendant’s

appeal. Id. As in Ahearn and Bolinger, this Court in O’Neal did not cite nor discuss

Appellate Rule 21. Id. at 391-96, 488 S.E.2d at 308-11.

 N.C. Gen. Stat. § 15A-1444(e) clearly grants jurisdiction to the appellate courts

to issue writs of certiorari to review the merits of defendant’s argument, when no

right of appeal exists following a plea of guilty pursuant to N.C. Gen. Stat. §§ 15A-

1444(a1)-(a2). We recognize an apparent tension when comparing N.C. Gen. Stat. §

15A-1444(e), which grants appellate courts’ jurisdiction to issue writs of certiorari,

and Appellate Rule 21, which limits this Court’s ability to grant such writs under the

three specific grounds, none of which are applicable here. N.C. R. App. P. 21.

 In neither Ahearn nor Bolinger did our Supreme Court cite to or address the

requirements of Appellate Rule 21. In cases where this Court has issued the writ of

certiorari to review issues surrounding guilty pleas under N.C. Gen. Stat. § 15A-

1444(e), this Court also did not cite nor analyze the three grounds to issue the writ

 - 14 -
 STATE V. LEDBETTER

 Opinion of the Court

set forth in Appellate Rule 21 to determine whether they applied to the facts of the

case. See e.g., O’Neal, 116 N.C. App. at 395, 448 S.E.2d at 310.

 Other panels of this Court allowed certiorari by citing Bolinger and reached

the merits of the defendants’ arguments pursuant to N.C. Gen. Stat § 15A-1444(e) for

grounds not set forth in N.C. Gen. Stat. § 15A-1444(a) or Appellate Rule 21. See, e.g.,

Rhodes, 163 N.C. App. at 193, 592 S.E.2d at 732-33 (holding this Court could issue

the writ of certiorari to review the defendant’s challenge to the trial court’s

procedures employed in accepting his guilty plea); Demaio, 216 N.C. App. at 563-64,

716 S.E.2d at 866-67 (holding this Court could issue the writ of certiorari to review

the defendant’s argument that his plea was not the product of informed choice); see

also Keller, 198 N.C. App. at 641, 680 S.E.2d at 213; Carter, 167 N.C. App. at 585,

605 S.E.2d at 678.

 B. Appellate Rule 2

 Although the aforementioned cases do not cite nor discuss Appellate Rule 2,

Rule 2 gives this Court the authority to suspend the limits of the Rules of Appellate

Procedure:

 To prevent manifest injustice to a party, or to expedite
 decision in the public interest, either court of the appellate
 division may, except as otherwise expressly provided by
 these rules, suspend or vary the requirements or provisions
 of any of these rules in a case pending before it upon
 application of a party or upon its own initiative, and may
 order proceedings in accordance with its directions.

 - 15 -
 STATE V. LEDBETTER

 Opinion of the Court

N.C. R. App. P. 2. The Appellate Rules may be suspended as long as such suspension

does not enlarge the jurisdiction of the Court. N.C. R. App. P. 1(c) (noting the Rules

of Appellate Procedure “shall not be construed to extend or limit the jurisdiction of

the courts of the appellate division as that is established by law”); see also Bailey v.

North Carolina, 353 N.C. 142, 157, 540 S.E.2d 313, 323 (2000) (citations omitted)

(noting “suspension of the appellate rules under Rule 2 is not permitted for

jurisdictional concerns”).

 The plain language of Appellate Rule 2 “grants this Court the discretion to

suspend appellate rules either ‘upon application of a party’ or ‘upon its own

initiative.’” Bailey, 353 N.C. at 157, 540 S.E.2d at 323. Appellate Rule 2 “relates to

the residual power of our appellate courts to consider, in exceptional circumstances,

significant issues of importance in the public interest, or to prevent injustice which

appears manifest to the Court and only in such instances.” Steingress v. Steingress,

350 N.C. 64, 66, 511 S.E.2d 298, 299-300 (1999). This Court’s discretionary exercise

to invoke Rule 2 is “intended to be limited to occasions in which a ‘fundamental

purpose’ of the appellate rules is at stake, which will necessarily be ‘rare occasions.’”

State v. Hart, 361 N.C. 309, 316, 644 S.E.2d 201, 205 (2007) (citations omitted).

 On the record before us, Defendant has not demonstrated, and we do not find,

the exceptional circumstances necessary to invoke Appellate Rule 2. We decline to

suspend Appellate Rule 21(a)(1) pursuant to Appellate Rule 2 to exercise our

 - 16 -
 STATE V. LEDBETTER

 Opinion of the Court

discretionary review of Defendant’s petition for writ of certiorari pursuant to N.C.

Gen. Stat. § 15A-1444(e).

 We are bound by decisions of the Supreme Court of North Carolina. See

Cannon v. Miller, 313 N.C. 324, 324, 327 S.E.2d 888, 888 (1985) (holding the Court of

Appeals has a “responsibility to follow” decisions of the Supreme Court, “until

otherwise ordered” by our Supreme Court). Likewise, a subsequent panel of this

Court has no authority to overrule a previous panel on the same issue. In re Civil

Penalty, 324 N.C. at 384, 379 S.E.2d at 37. We must follow our Supreme Court’s

holdings in Bennett and Oglesby that the appellate rules promulgated by our Supreme

Court under constitutional authority prevail over conflicting general statutes,

Bennett, 308 N.C. at 535, 302 S.E.2d at 790; Oglesby, 361 N.C. at 554, 648 S.E.2d at

821, and this Court’s oldest precedent ruling on the issue. E.g., Smith, 193 N.C. App.

at 742, 668 S.E.2d at 614; Nance, 155 N.C. App. at 774, 574 S.E.2d at 693; Pimental,

153 N.C. App. at 73-74, 568 S.E.2d at 870; Dickson, 151 N.C. App. at 137-38, 564

S.E.2d at 640-41.

 On the record before us, Defendant has not demonstrated, and we do not find,

the ‘exceptional circumstances’ necessary to invoke Rule 2 and suspend the

requirements of Rule 21 to review the merits of Defendant’s argument by certiorari.

 V. Conclusion

 - 17 -
 STATE V. LEDBETTER

 Opinion of the Court

 Under these facts, Defendant does not have a statutory right to appeal from

the trial court’s denial of her motion to dismiss prior to her plea of guilty. Defendant’s

petition to issue a writ of certiorari does not assert grounds which are included in or

permitted by Appellate Rule 21(a)(1). In the exercise of our discretion, we decline to

invoke Appellate Rule 2 to suspend the requirements of the appellate rules to grant

the writ of certiorari pursuant to N.C. Gen. Stat. § 15A-1444(e) to review Defendant’s

argument. Defendant’s petition is denied. Defendant’s appeal is dismissed.

 DENIED AND DISMISSED.

 Judges McCULLOUGH and DIETZ concur.

 - 18 -